PEOPLE v JOHNSON

PEOPLE v ANTHONY AGRO

PEOPLE v FLEISSNER

PEOPLE v BARBARA AGRO

PEOPLE v RICHMOND

PEOPLE v CURTIS

PEOPLE v NICHOLAS AGRO

Docket Nos. 308104, 308105, 308106, 308109, 308110, 308111, and 308113. Submitted August 6, 2013, at Detroit. Decided September 10, 2013, at 9:10 a.m.

Barbara M. Johnson, Anthony J. Agro, Ryan M. Fleissner, Barbara J. Agro, Ryan D. Richmond, Matthew Curtis, and Nicholas Agro were charged in the Oakland Circuit Court with various counts of delivering marijuana, delivering delta-9-tetrahydrocannabinol (THC), conspiracy to possess marijuana or THC with intent to deliver them, and conspiracy to deliver marijuana or THC, all arising from the operation of a marijuana dispensary. The court, Daniel Patrick O'Brien, J., granted defendants' joint motion to dismiss all charges in reliance on the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.* The prosecution appealed.

The Court of Appeals *held*:

1. It is illegal under the Public Health Code, MCL 333.1101 *et seq.*, for a person to possess, use, manufacture, or deliver marijuana. The MMMA, however, provides in MCL 333.26427(a) that the medical use of marijuana is allowed under state law to the extent that it is carried out in accordance with the provisions of the act. The MMMA sets forth in MCL 333.26424 and 333.26428 specific and limited protections from arrest, prosecution, or penalty for certain marijuana-related activities. Defendants asserted that their interpretation of the MMMA was reasonable and that, in light of the ambiguous nature of the MMMA, they could not have predicted that their operation of a marijuana dispensary was illegal. Defendants, however, did not specifically argue that they

were entitled to the protections afforded under either MCL 333.26424 or MCL 333.26428 or in what capacity they acquired those rights. Nor did they challenge as ambiguous any specific portion of the MMMA or identify what particular MMMA provisions purportedly led them to believe that they could operate a for-profit marijuana dispensary. A remand for reinstatement of the charges against all seven defendants was necessary.

2. The trial court erroneously held that the rule of lenity applied under the circumstances of this case. The rule of lenity provides that courts should mitigate punishment when the punishment in a criminal statute is unclear. It applies only if the statute is ambiguous or in the absence of any firm indication of legislative intent. The rule of lenity does not apply when construing the Public Health Code because the Legislature mandated in MCL 333.1111(2) that the code's provisions must be liberally construed for the protection of the health, safety, and welfare of the people of Michigan. Nevertheless, defendants argued that the rule of lenity should be applied because they were denied due process and notice that operation of a marijuana dispensary was prohibited. The MMMA, however, does not include any provision that authorizes marijuana dispensaries or from which it could reasonably be inferred that marijuana dispensaries are legal business entities.

3. The trial court also erred by failing to give retroactive effect to *Michigan v McQueen*, 293 Mich App 644 (2011), aff'd on other grounds 493 Mich 135 (2013), which held that the MMMA provides no authority for operating a marijuana dispensary that facilitates patient-to-patient sales of marijuana and was decided after defendants' arrests. The general rule is that judicial decisions are given full retroactive effect and complete prospective application is limited to decisions that overrule clear and uncontradicted caselaw, but the retroactive application of an unforeseeable interpretation of a criminal statute, if detrimental to a defendant, may violate the Due Process Clause. Due process is violated when the retroactive application of a judicial decision operates as an ex post facto law, i.e., criminalizes conduct that was innocent at the time performed. Defendants, however, were not charged with violating any penalty provision of the MMMA; rather, their charges arose from violations of various controlled substance provisions of the Public Health Code. Because defendants alleged that they are entitled to immunity under MCL 333.26424, the retroactive application of *McQueen* did not present a due process concern because *McQueen* did not operate as an ex post facto law, nor did *McQueen* or the Supreme Court's subsequent affirmance of it have the effect

of criminalizing previously innocent conduct. *McQueen* did not overrule clear and uncontradicted caselaw. Moreover, because defendants did not identify any ambiguous provision of the MMMA that could reasonably have led them to believe that operating a marijuana dispensary was permitted under the MMMA, they failed to establish that the interpretation of the MMMA in *McQueen* was unforeseeable. *McQueen* and the Supreme Court's subsequent affirmation of it were entitled to retroactive application.

Reversed and remanded for reinstatement of the charges against defendants.

1. CRIMINAL LAW — RULE OF LENITY — PUBLIC HEALTH CODE VIOLATIONS — CONTROLLED SUBSTANCES.

The rule of lenity provides that courts should mitigate punishment when the punishment in a criminal statute is unclear; the rule applies only if the statute is ambiguous or in the absence of any firm indication of legislative intent; the rule does not apply when construing the criminal provisions of the Public Health Code, MCL 333.1101 *et seq.*, because the Legislature mandated in MCL 333.1111(2) that the code's provisions must be liberally construed for the protection of the health, safety, and welfare of the people of Michigan

2. COURTS — APPEALS — OPINIONS — RETROACTIVE EFFECT — MICHIGAN MEDICAL MARIHUANA ACT — DISPENSARIES.

*Michigan v McQueen*, 293 Mich App 644 (2011), and the Supreme Court opinion that affirmed it on other grounds, *Michigan v McQueen*, 493 Mich 135 (2013), which held that the Michigan Medical Marihuana Act, MCL 333.26421 *et seq.*, provides no authority for operating a marijuana dispensary that facilitates patient-to-patient sales of marijuana, apply retroactively.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, *Thomas R. Grden*, Chief, Appellate Division, and *Danielle Walton*, Assistant Prosecuting Attorney, for the people.

*Stuart G. Friedman* for Barbara M. Johnson, Ryan M. Fleissner, Barbara J. Agro, Ryan D. Richmond, Matthew Curtis, and Nicholas Agro.

Before: SERVITTO, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM. These consolidated cases arose from the operation of a marijuana dispensary. Defendants Barbara Johnson and Ryan Fleissner were charged with conspiracy to possess marijuana with intent to deliver or conspiracy to deliver marijuana, MCL 333.7401(2)(d)(*iii*) and MCL 750.157a, conspiracy to possess the controlled substance delta-9-tetrahydrocannabinol (THC) with intent to deliver or conspiracy to deliver THC, MCL 333.7401(2)(b)(*ii*) and MCL 750.157a, two counts of delivery of marijuana, MCL 333.7401(2)(d)(*iii*), and delivery of THC, MCL 333.7401(2)(b)(*ii*). Defendant Anthony Agro was charged with conspiracy to possess marijuana with intent to deliver or conspiracy to deliver marijuana, conspiracy to possess THC with intent to deliver or conspiracy to deliver THC, seven counts of delivery of marijuana, and delivery of THC. Defendant Barbara Agro was charged with conspiracy to possess marijuana with intent to deliver or conspiracy to deliver marijuana and delivery of marijuana. Defendants Ryan Richmond and Nicholas Agro were charged with conspiracy to possess marijuana with intent to deliver or conspiracy to deliver marijuana and conspiracy to possess THC with intent to deliver or conspiracy to deliver THC. Defendant Matthew Curtis was charged with conspiracy to possess marijuana with intent to deliver or conspiracy to deliver marijuana, conspiracy to possess THC with intent to deliver or conspiracy to deliver THC, and two counts of delivery of marijuana. The trial court granted defendants' joint motion to dismiss all charges pursuant to the Michigan Medical Marihuana Act (MMMA),[1] MCL 333.26421 *et seq.*

---

[1] Although the MMMA refers to "marihuana," by convention this Court uses the more common spelling "marijuana" in its opinions. See *People v Nicholson*, 297 Mich App 191, 193 n 1; 822 NW2d 284 (2012).

The prosecution appeals as of right. We reverse and remand for reinstatement of the charges.

In July and August 2010, these seven defendants owned, operated, or were employed by Clinical Relief, a marijuana dispensary in Ferndale, Michigan. Clinical Relief provided marijuana to patients who possessed medical-marijuana cards. On several different days, Narcotic Enforcement Team (NET) undercover officers visited the facility and were sold marijuana and candy containing THC. Subsequently, each defendant was arrested and bound over for trial on the charges. Defendants then filed a joint motion to dismiss in the circuit court. In the motion, they argued that "[a]t the time of their arrest their conduct was reasonable and should not be subject to criminal prosecution." Defendants argued that their "conduct was based on a reasonable understanding of the law and that they are entitled to dismissal as a matter of law . . . ." They pointed out that the first judicial decision interpreting the MMMA was not released until after they were arrested; thus, defendants did not have the benefit of these interpretative decisions to guide their conduct with respect to the MMMA. Defendants also argued that "[t]he notion of due process and advanced notice of the conduct being prohibited is being tossed out of the window." And because the MMMA is ambiguous, defendants could have not been expected to predict that their conduct was illegal. Further, they argued, in light of the ambiguous nature of the MMMA, this Court's holding in *Michigan v McQueen*, 293 Mich App 644; 811 NW2d 513 (2011), aff'd on other grounds 493 Mich 135 (2013), which interpreted it, should be applied prospectively. That is, retroactive application of this decision interpreting the MMMA would violate their due process rights to understand what conduct is prohibited. The prosecutor opposed defendants' motion.

Following oral arguments, the trial court granted defendants' motion. In rendering its decision, the trial court noted that it was not giving retroactive effect to the holding in *McQueen*, 293 Mich App 644. The trial court also noted that it had requested defendants to specify which provisions of the MMMA were being challenged as ambiguous, and those provisions were MCL 333.26424(b), (e), and (i). Section 4(b) of the MMMA provides, in pertinent part, that a "primary caregiver who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty . . . for assisting a qualifying patient to whom he or she is connected through the [Department of Licensing and Regulatory Affairs'] registration process with the medical use of marihuana in accordance with this act." MCL 333.26424(b).[2] The trial court held that this provision "requires a link between the caregiver and the patient." Section 4(e) of the MMMA provides that a "registered primary caregiver may receive compensation for costs associated with assisting a registered qualifying patient in the medical use of marijuana." MCL 333.26424(e). The trial court held that the phrase "receive compensation for costs" was confusing, but rejected defendants' claim that it was ambiguous on the ground that "compensation for costs" does not include profit, i.e., "[c]ost is different and distinct from profit." Section 4(i) of the MMMA provides that a "person shall not be subject to arrest, prosecution, or penalty . . . solely for being in the presence or vicinity of the medical use of marihuana in accordance with this act, or for assisting a registered qualifying patient with using or administering marihuana." MCL 333.26424(i). The trial court held that "(i)

---

[2] We quote the version of the statute as amended by 2012 PA 512, effective April 1, 2013. The differences from the original version do not affect our holding.

juxtaposed with either or both (b) or (e) is ambiguous . . . ." In particular, the court held that the phrase "using or administering" was ambiguous. After indicating that due process ramifications exist in criminal cases, the trial court held that the rule of lenity should be applied under the circumstances of this case. Accordingly, it granted defendants' motion to dismiss. These appeals followed.

The prosecution first argues that the trial court erroneously dismissed the charges against all seven defendants without requiring defendants to first demonstrate that they were entitled to the protections afforded under the MMMA. We agree.

We review for an abuse of discretion a trial court's ruling on a motion to dismiss. *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012). However, underlying questions of statutory interpretation are reviewed de novo as questions of law. *Id.*

It is illegal under the Public Health Code, MCL 333.1101 *et seq.*, for a person to possess, use, manufacture, or deliver marijuana. The MMMA was proposed by initiative petition, was subsequently approved by the electors, and became effective December 4, 2008. This change in our state law was to have "the practical effect of protecting from arrest the vast majority of seriously ill people who have a medical need to use marihuana." MCL 333.26422(b). Accordingly, pursuant to MCL 333.26427(a), the "medical use of marihuana is allowed under state law to the extent that it is carried out in accordance with the provisions of this act." The "medical use" of marijuana is defined by MCL 333.26423(f) as "the acquisition, possession, cultivation, manufacture, use, internal possession, delivery, transfer, or transportation of marihuana or paraphernalia relating to the administration of marihuana to treat or alleviate a

registered qualifying patient's debilitating medical condition or symptoms associated with the debilitating medical condition."[3]

In light of the fact that possession, use, manufacture, and delivery of marijuana remain punishable offenses under the Public Health Code, the MMMA set forth specific and limited protections from arrest, prosecution, or penalty for marijuana-related activities. In particular, at the time of defendants' arrests, MCL 333.26424 as originally enacted provided:

> (a) A qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner . . . for the medical use of marihuana in accordance with this act, provided that the qualifying patient possesses an amount of marihuana that does not exceed 2.5 ounces of usable marihuana, and, if the qualifying patient has not specified that a primary caregiver will be allowed under state law to cultivate marihuana for the qualifying patient, 12 marihuana plants kept in an enclosed, locked facility . . . .[4]

> (b) A primary caregiver who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner . . . for assisting a qualifying patient to whom he or she is connected through the department's registration process with the medical use of marihuana in accordance with this act, provided that the primary caregiver possesses an amount of marihuana that does not exceed:

> (1) 2.5 ounces of usable marihuana for each qualifying patient to whom he or she is connected through the department's registration process; and

---

[3] Before the amendments set forth in 2012 PA 512, this definition was found in MCL 333.26423(e).

[4] An "enclosed, locked facility" includes a locked room that permits "access only by a registered primary caregiver or registered qualifying patient." MCL 333.26423(d), as amended by 2012 PA 512.

(2) for each registered qualifying patient who has specified that the primary caregiver will be allowed under state law to cultivate marihuana for the qualifying patient, 12 marihuana plants kept in an enclosed, locked facility; and

(3) any incidental amount of seeds, stalks, and unusable roots.

\* \* \*

(d) There shall be a presumption that a qualifying patient or primary caregiver is engaged in the medical use of marihuana in accordance with this act if the qualifying patient or primary caregiver:

(1) is in possession of a registry identification card; and

(2) is in possession of an amount of marihuana that does not exceed the amount allowed under this act. The presumption may be rebutted by evidence that conduct related to marihuana was not for the purpose of alleviating the qualifying patient's debilitating medical condition or symptoms associated with the debilitating medical condition, in accordance with this act.

(e) A registered primary caregiver may receive compensation for costs associated with assisting a registered qualifying patient in the medical use of marihuana. Any such compensation shall not constitute the sale of controlled substances.

\* \* \*

(i) A person shall not be subject to arrest, prosecution, or penalty in any manner . . . solely for being in the presence or vicinity of the medical use of marihuana in accordance with this act, or for assisting a registered qualifying patient with using or administering marihuana.

The second protection afforded under the MMMA is set forth in MCL 333.26428, which as originally enacted provided, in relevant part:

(a) Except as provided in [MCL 333.26427], a patient and a patient's primary caregiver, if any, may assert the medical purpose for using marihuana as a defense to any prosecution involving marihuana, and this defense shall be presumed valid where the evidence shows that:

(1) A physician has stated that . . . the patient is likely to receive therapeutic or palliative benefit from the medical use of marihuana . . . ;

(2) The patient and the patient's primary caregiver, if any, were collectively in possession of a quantity of marihuana that was not more than was reasonably necessary to ensure the uninterrupted availability of marihuana for the purpose of treating or alleviating the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition; and

(3) The patient and the patient's primary caregiver, if any, were engaged in the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marihuana . . . to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition.

(b) A person may assert the medical purpose for using marihuana in a motion to dismiss, and the charges shall be dismissed following an evidentiary hearing where the person shows the elements listed in subsection (a).

In this case, defendants moved for the dismissal of the charges, asserting that "[a]t the time of their arrest their conduct was reasonable and should not be subject to criminal prosecution." They argued that their interpretation of the MMMA was reasonable and, in light of the ambiguous nature of the MMMA, they could not have predicted that their conduct of operating a marijuana dispensary was illegal. However, defendants did not specifically argue that they were entitled to the protections afforded under either MCL 333.26424 or MCL 333.26428 or in what capacity they acquired such rights. That is, for example, defendants did not argue or

establish that they were qualifying patients who had been issued and possessed registry identification cards, MCL 333.26424(a), or primary caregivers who had been issued and possessed registry identification cards, MCL 333.26424(b). They did not argue or attempt to establish that they were entitled to the protection afforded under MCL 333.26424(i). And none of the defendants argued or attempted to establish that any one of them was entitled to the protection afforded under MCL 333.26428(a) as either "a patient" or "a patient's primary caregiver." In other words, in their joint motion for dismissal defendants did not argue or attempt to establish that they had the legal right to seek the protections from arrest, prosecution, or penalty afforded under the MMMA for their marijuana-related activities. And they did not challenge as ambiguous any specific term as it related to their alleged right to seek the protections afforded under the MMMA. Defendants' brief on appeal likewise fails to assert any such arguments. Again, on appeal defendants merely appear to argue that the entirety of the MMMA is ambiguous. For example, defendants argue: "Because the Defendants operated with a good faith belief that their conduct was protected under the [MMMA], the trial court correctly dismissed the charges." However, defendants have never explained which particular provisions of the MMMA allegedly gave rise to this "good faith belief." That is, what particular provisions of the MMMA purportedly led them to believe that they could operate a for-profit marijuana dispensary?

Nevertheless, the trial court dismissed the charges against all seven defendants without first determining whether any defendant was entitled to the protections afforded under either MCL 333.26424 or MCL 333.26428. The trial court made no specific findings about each of the statutory requirements.

Instead, after inquiring during oral argument which specific provisions were being challenged as ambiguous by defendants—because no specific challenge was set forth in their motion to dismiss—the trial court held that one of the challenged provisions, § 4(i), was ambiguous. As set forth above, that provision provides: "A person shall not be subject to arrest, prosecution, or penalty in any manner . . . solely for being in the presence or vicinity of the medical use of marihuana in accordance with this act, or for assisting a registered qualifying patient with using or administering marihuana." MCL 333.26424(i). The trial court summarily concluded that the phrase "using or administering marihuana" was ambiguous. Apparently, then, the trial court considered each of the seven defendants "a person" as contemplated under § 4(i) and not a "qualifying patient" or a "primary caregiver." However, even if each defendant was such "a person" contemplated under § 4(i), the trial court failed to determine that each defendant was "assisting a registered qualifying patient" with regard to each charge for which he or she was being prosecuted. And defendants did not challenge as ambiguous the phrase "assisting a registered qualifying patient." In light of all these considerations, we conclude that the trial court abused its discretion when it dismissed the charges against all seven defendants without determining whether any of the defendants were specifically entitled to the protections afforded under either MCL 333.26424 or MCL 333.26428. Accordingly, we remand this matter to the trial court for reinstatement of the charges against all seven defendants.

Next, the prosecution argues that the trial court erroneously held that the rule of lenity applied under the circumstances of this case. We agree.

"The 'rule of lenity' provides that courts should mitigate punishment when the punishment in a criminal statute is unclear." *People v Denio*, 454 Mich 691, 699; 564 NW2d 13 (1997). The rule of lenity applies only if the statute is ambiguous or " 'in absence of any firm indication of legislative intent.' " *Id.* at 700 n 12, quoting *People v Wakeford*, 418 Mich 95, 113-114; 341 NW2d 68 (1983). However, the rule of lenity does not apply when construing the Public Health Code because the Legislature mandated in MCL 333.1111(2) that the code's provisions are to be "liberally construed for the protection of the health, safety, and welfare of the people of this state." *Denio*, 454 Mich at 699. "It is illegal under the Public Health Code, MCL 333.1101 *et seq.*, for a person to possess, use, manufacture, create, or deliver marijuana." *People v Nicholson*, 297 Mich App 191, 197; 822 NW2d 284 (2012).

Defendants here argued that the holding in *People v Dempster*, 396 Mich 700; 242 NW2d 381 (1976), supported their argument that the rule of lenity should apply under the circumstances of this case. The statute violated in *Dempster*, however, was not part of the Public Health Code. *Id.* at 703. Nevertheless, defendants argued in the trial court, and argue here on appeal, that the rule of lenity should be applied under the circumstances of this case because they were denied "due process and advanced notice of the conduct being prohibited," i.e., they lacked "fair warning." It appears from defendants' motion to dismiss, as well as their brief on appeal, that they are arguing they did not know and could not know that marijuana dispensaries were not legal under the MMMA. However, even if we were to consider defendants' arguments, defendants have failed to identify any allegedly ambiguous provision of the MMMA that led them to their mistaken belief that marijuana

dispensaries were, in fact, legal. The MMMA did not, and still does not, include any provision that states that marijuana dispensaries are or were legal business entities. Similarly, defendants have failed to identify any allegedly ambiguous provision of the MMMA from which it could reasonably be inferred that marijuana dispensaries were legal business entities. Accordingly, the trial court's decision to apply the rule of lenity in this case is reversed.

In a related argument, the prosecution argues that the trial court erred by failing to give retroactive effect to this Court's decision in *McQueen*, 293 Mich App 644, which addressed the legality of operating a marijuana dispensary that facilitates patient-to-patient sales of marijuana. We agree.

In *McQueen*, the defendants owned and operated a marijuana dispensary that facilitated sales of marijuana between its members who were either registered qualifying patients or their primary caregivers. *McQueen*, 293 Mich App at 647-648. A complaint was filed against the defendants, seeking injunctive relief on the ground that the MMMA did not provide for the operation of marijuana dispensaries and, thus, the dispensary was a public nuisance. *Id.* at 648, 651-652. The trial court denied the plaintiff's request, and this Court reversed the decision, holding that the dispensary was a public nuisance. *Id.* at 648. After holding that "the MMMA does not authorize marijuana dispensaries" and "the MMMA does not expressly state that patients may sell their marijuana to other patients," we considered whether that authority could be inferred from provisions of the MMMA. *Id.* at 663. In particular, we held that although the "medical use" of marijuana is allowed to the extent that it is carried out in accordance with the MMMA, MCL 333.26427(a), the definition of "medi-

cal use" did not include the sale of marijuana.[5] *Id.* at 665, 668-669. Accordingly, the defendants had "no authority under the MMMA to operate a marijuana dispensary that actively engages in and carries out patient-to-patient sales of marijuana."[6] *Id.* at 670. We likewise rejected the defendants' argument that they were entitled to immunity under § 4(i), MCL 333.26424(i), because they were assisting registered qualifying patients with "using or administering" marijuana. *Id.* at 671. We held that a person assists a qualifying patient with "using or administering" marijuana when they aid in preparing it for consumption or by physically aiding the patient in consuming the marijuana.[7] *Id.* at 673.

The general rule is that judicial decisions are given full retroactive effect and complete prospective application is limited to decisions that overrule clear and uncontradicted caselaw. *People v Neal*, 459 Mich 72, 80; 586 NW2d 716 (1998). But "[t]he retroactive application of an unforeseeable interpretation of a criminal statute, if detrimental to a defendant, may violate the Due Process Clause." *People v Brown*, 239 Mich App 735, 750; 610 NW2d 234 (2000). In *People v Doyle*, 451 Mich 93, 100; 545 NW2d 627 (1996), our Supreme explained that due process is violated when the retroactive application of a judicial decision acts or operates

---

[5] Our Supreme Court, however, has since held that the definition of "medical use" includes the sale of marijuana. *Michigan v McQueen*, 493 Mich 135, 152; 828 NW2d 644 (2013).

[6] Our Supreme Court affirmed this holding, albeit on different grounds, holding that the defendants' business, which facilitated patient-to-patient sales, encompassed "marijuana-related conduct that is not for the purpose of alleviating the *transferor's* debilitating medical condition or its symptoms." *Id.* at 157.

[7] Our Supreme Court agreed, holding that "the terms 'using' and 'administering' are limited to conduct involving the actual ingestion of marijuana." *Id.* at 158.

as an ex post facto law, i.e., criminalizes conduct that was innocent at the time performed.

First, we note that defendants were not charged with violating any penalty provision of the MMMA. Defendants' charges arose from their alleged violation of certain controlled substance provisions of the Public Health Code. In defense of these charges, defendants have alleged that they are entitled to immunity as provided under § 4 of the MMMA. Accordingly, the retroactive application of this Court's decision in *McQueen*, although rendered after defendants' arrests, does not present a due process concern because this decision does not operate as an ex post facto law. None of the defendants are deprived of "due process of law in the sense of fair warning that his contemplated conduct constitutes a *crime*." *Bouie v City of Columbia*, 378 US 347, 355; 84 S Ct 1697; 12 L Ed 2d 894 (1964) (emphasis added). Neither our holding in *McQueen*, 293 Mich App 644, nor our Supreme Court's subsequent holding in *McQueen*, 493 Mich 135, had the effect of criminalizing previously innocent conduct. This is not a case in which marijuana dispensaries were authorized by statute and then, by judicial interpretation, deemed illegal.

Second, the retroactive application of this Court's decision in *McQueen* does not have the effect of overruling clear and uncontradicted caselaw. See *Neal*, 459 Mich at 80; *Doyle*, 451 Mich at 104. That is, defendants were never led to believe by a judicial decision of this Court or our Supreme Court that operating a marijuana dispensary was permitted under the MMMA. And third, defendants have not identified any allegedly ambiguous provision of the MMMA that could have reasonably led them to believe that operating a marijuana dispensary was permitted under the MMMA; thus, defendants have failed to establish that this Court's interpretation

of the MMMA in *McQueen* is unforeseeable. Accordingly, this Court's decision in *McQueen* is entitled to retroactive application and the trial court erred by failing to apply the holding to this case. Further, our Supreme Court's subsequent decision in *McQueen*, 493 Mich 135, is also entitled to retroactive application for the same reasons.

Reversed and remanded for reinstatement of the charges against defendants and for further proceedings consistent with this opinion. We do not retain jurisdiction.

SERVITTO, P.J., and CAVANAGH and WILDER, JJ., concurred.