# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

BARBARA AGRO,

      Defendant-Appellant.

UNPUBLISHED
October 20, 2015

No. 320927
Oakland Circuit Court
LC No. 2010-233920-FH

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

Defendant Barbara Agro was convicted by a jury of one count of delivery/manufacture of marijuana, MCL 333.7401(2)(d)(*iii*), and sentenced to 90 days' probation. Defendant now appeals, by application for delayed leave granted, the trial court's decision, upon remand, that defendant failed to establish the elements necessary to present a defense under § 8 of the Michigan Medical Marihuana Act (MMMA),[1] MCL 333.26421 *et seq.*, and was not entitled to have her conviction vacated. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a search that occurred on August 25, 2010, at defendant's home. Members from the Oakland County Narcotics Enforcement Team (NET) executed a search warrant and discovered 17 marijuana plants growing in defendant's basement, a brownie containing marijuana in the freezer, and a bottle of marijuana oil in the bathroom, along with a large amount of cash. Defendant and her husband were qualifying registered patients under the MMMA, and defendant was also a registered caregiver under the Act. Defendant filed a pretrial motion to dismiss the charges or, in the alternative, to raise a defense under § 8 of the MMMA, MCL 333.26428. The prosecution argued that defendant was precluded from raising a defense under § 4, MCL 333.26424, or § 8 of the MMMA because she did not keep her marijuana plants in an enclosed, locked facility as required by § 4(a) and (b).

---

[1] Although the MMMA uses the spelling "marihuana," this opinion uses the more common spelling "marijuana" unless directly quoting the MMMA.

The trial court held an evidentiary hearing, and defendant acknowledged that on the day of the raid she had 17 marijuana plants growing in the basement of her home, no door separated the basement from the rest of the house, and the basement could be accessed from the stairway on the main level. Other people had been in the house during the six weeks she was growing the plants. Members of the NET testified that when officers entered the home to execute the search warrant, the front door was unlocked, access to the basement was not blocked, and the stairway leading to the basement was visible from the entry way. The trial court determined that defendant was precluded from asserting § 8 of the MMMA as an affirmative defense because the basement was not an enclosed, locked facility and because it was accessible to third parties. Defendant applied to this Court for leave to appeal the trial court's ruling, which this Court denied for failure to persuade the Court that immediate consideration was needed. *People v Agro*, unpublished order of the Court of Appeals, entered March 31, 2011 (Docket No. 302949).

Following defendant's conviction and sentence, she appealed to this Court as of right. Along with other arguments, defendant asserted that the trial court erred by refusing to allow her to present a defense under § 8 of the MMMA, because it held that she had not complied with the requirements of § 4, and she requested a new trial. In an unpublished opinion, this Court held that the trial court's ruling violated the Michigan Supreme Court's opinion in *People v Kolanek*, 491 Mich 382; 817 NW2d 528 (2012), which held that a defendant is not required to satisfy the requirements of § 4 of the MMMA to assert a defense under § 8 of the Act. *People v Agro*, unpublished opinion per curiam of the Court of Appeals, issued January 22, 2013 (Docket No. 305725); slip op at 5. This Court remanded for a continued evidentiary hearing, instructing the trial court as follows:

> At the hearing, the trial court must determine whether there are questions of fact related to defendant's § 8 affirmative defense. Again, 1) if there are no material questions of fact and defendant establishes the elements in § 8(a), then "the charges *shall* be dismissed", MCL 333.26428(b) (emphasis added); 2) if defendant establishes a prima facie case, but there are material questions of fact, then the defense must be submitted to the jury and, in that case, defendant is entitled to a new trial; 3) if there are no material questions of fact and defendant fails to establish the elements in § 8(a), then she is not entitled to assert the defense at trial and there would be no basis to vacate defendant's conviction. [*Agro*, unpub op at 6.]

On remand, the trial court continued the evidentiary hearing. Defendant testified that she was 69 years old when the police searched the home she shared with her husband. Defendant had arthritis and pain in her hips and knees and type II diabetes. She was unable to take any painkillers other than Tylenol. She testified that she ate a cookie or a brownie containing marijuana to ease her pain so she could sleep. She sometimes rubbed marijuana oil onto her knees if she had extra oil on her hands after rubbing the oil on her husband's shoulders.

Defendant had treated with her family physician, Dr. Hartz, for 35 years. Defendant testified that she had discussed using medical marijuana with Dr. Hartz, but she received her certification to use medical marijuana from Dr. Bridges, whom she chose after seeing a billboard advertising medical certifications. Defendant testified that she saw Dr. Bridges once for about 15 minutes and that she presented her medical records to Dr. Bridges for review and responded

to questions that Dr. Bridges asked her. Dr. Bridges then gave her a certificate to present to the Department of Licensing and Regulatory Affairs (the department). Defendant admitted that she did not have medical training and that no one told her what amount of marijuana she should use. Defendant testified that she only used marijuana for her medical issues and not for recreational purposes and that the marijuana helped her pain and improved her health.

The trial court held that defendant failed to establish the necessary prima facie showing to present a § 8 defense and thus there was no basis for vacating her conviction. Specifically, the court held that defendant's testimony and her MMMA registry identification card were not sufficient to establish that she had a bona fide physician-patient relationship with Dr. Bridges, or to show that Dr. Bridges completed a full assessment of her medical history and condition and formed a professional conclusion that defendant could benefit from the medical use of marijuana as required by § 8(a)(1). The court also rejected defendant's argument that her MMMA registry identification card was sufficient because the department already determined that she had a bona fide physician-patient relationship with Dr. Bridges by the issuance of the card. The court reasoned that the MMMA, MCL 333.26426(a), states that the department "shall issue" registry identification cards to anyone providing the necessary information, paperwork, and fee, and thus the department lacked the authority to consider whether there was a bona fide physician-patient relationship between the patient and the certifying physician.

The court also held that defendant failed to make the necessary showing under the second element of § 8, which requires that defendant present evidence that the marijuana she possessed was not more than what was reasonably necessary to ensure the uninterrupted availability to treat or alleviate her serious or debilitating medical condition or symptoms under § 8(a)(2). The court found that defendant failed to explain how she was qualified to offer an opinion regarding the amount of marijuana needed to treat her condition and that it was not appropriate for the court to take judicial notice of this issue because it was subject to reasonable dispute. The trial court concluded that because defendant failed to present the prima facie showing necessary to raise a § 8(a) defense under the MMMA, there was no basis to vacate her conviction.

Defendant filed a claim of appeal of the trial court's opinion and order, which was denied for lack of jurisdiction because it was untimely. *People v Agro*, unpublished order of the Court of Appeals, issued November 20, 2013 (Docket No. 318947). Defendant then filed an application for delayed leave to appeal, which was subsequently granted. *People v Agro*, unpublished order of the Court of Appeals, issued September 4, 2014 (Docket No. 320927). The instant appeal ensued.

## II. STANDARD OF REVIEW

This Court reviews questions of statutory interpretation, including interpretation of the MMMA, de novo. *People v Kolanek*, 491 Mich 382, 393; 817 NW2d 528 (2012). A trial court's interpretation and application of the MMMA is also reviewed de novo. *People v Anderson (On Remand)*, 298 Mich App 10, 14-15; 825 NW2d 641 (2012).

## III. SECTION 8 IMMUNITY

Under § 8(a) of the MMMA, a defendant may assert that marijuana was used for a medical purpose as a defense in any prosecution involving marijuana. To successfully raise a § 8 defense, a defendant must establish each element of § 8(a) by a preponderance of the evidence. *People v Hartwick*, ___ Mich ___, ___; ___NW2d ___ (2015); slip op at 31 n 69. Section 8(a) provides the following elements in pertinent part:

(1) A physician has stated that, in the physician's professional opinion, after having completed a full assessment of the patient's medical history and current medical condition made in the course of a bona fide physician-patient relationship, the patient is likely to receive therapeutic or palliative benefit from the medical use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition;

(2) The patient and the patient's primary caregiver, if any, were collectively in possession of a quantity of marihuana that was not more than was reasonably necessary to ensure the uninterrupted availability of marihuana for the purpose of treating or alleviating the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition; and

(3) The patient and the patient's primary caregiver, if any, were engaged in the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marihuana or paraphernalia relating to the use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition. [MCL 333.26428(a).]

In asserting that she had a bona fide physician-patient relationship with her certifying physician, defendant relied upon her MMMA registry identification card and her own testimony that Dr. Bridges conducted a full medical assessment of her condition and symptoms before determining that she would likely receive a therapeutic or palliative benefit from the medical use of marijuana. To establish § 8(a)(1), a defendant must prove three elements: (1) "[t]he existence of a bona fide physician-patient relationship," (2) "in which the physician completes a full assessment of the patient's medical history and current medical condition," and (3) "from which results the physician's professional opinion that the patient has a debilitating medical condition and will likely benefit from the medical use of marijuana to treat the debilitating condition." *Hartwick*, ___ Mich at ___; slip op at 32-33. The mere possession of a registry identification card is insufficient to satisfy the first and second elements of § 8(a)(1). *Id.* at ___; slip op at 34. In *Kolanek*, our Supreme Court defined "bona fide physician-patient relationship" as "a pre-existing and ongoing relationship with the patient as a treating physician." *Kolanek*, 491 Mich at

396 n 30 (citation and quotation marks omitted).[2]  Thus, to satisfy § 8(a)(1), "there must be proof of an actual and ongoing physician-patient relationship at the time the written certification was issued." *Hartwick*, ___ Mich at ___; slip op at 35.

Defendant argues that her testimony that Dr. Bridges conducted an examination of her medical history and symptoms and determined that she would benefit from the use of medical marijuana established her bona fide physician-patient relationship with Dr. Bridges.  We disagree.  Defendant admitted that she had no medical training.  The medical records that she purportedly supplied to Dr. Bridges were not admitted at the hearing, and defendant did not testify that she had any contact with Dr. Bridges beyond the single 15-minute visit when she received her certification.  Defendant's testimony established only that she went to Dr. Bridges to obtain certification to use medical marijuana after seeing a billboard advertising medical marijuana certifications.  Defendant already had a family physician that she had been treating with for over 35 years, but he did not supply medical marijuana certifications.  It appears clear that defendant did not plan on establishing a physician-patient relationship with Dr. Bridges, but instead simply wanted to obtain a certification to use medical marijuana.  Defendant's relationship with Dr. Bridges was neither pre-existing nor ongoing.  Based upon the testimony presented, Dr. Bridges was a certifying, rather than a treating, physician, and did not have a bona fide physician-patient relationship with defendant.  Accordingly, the trial court did not err in finding that defendant failed to establish a prima facie showing under § 8(a)(1).

Defendant also failed to meet the two other elements needed to assert a defense under § 8.  With regard to § 8(a)(2), and by relation (3), defendant needed to present evidence that she was not in possession of more marijuana than was "reasonably necessary for her treatment."  Possession of a registry identification card does not constitute prima facie evidence under either § 8(a)(2) or (3).  *Hartwick*, ___ Mich at ___; slip op at 37, 40.  Defendant asserts that the small amount of usable marijuana[3] found was only enough to treat her for two days because she generally ate one half of a brownie before bed to help alleviate her pain so that she could sleep, and only one brownie was found during the search.  The trial court determined that what constitutes usable marijuana under the MMMA and whether the marijuana found at defendant's home was usable were not facts generally known or capable of ready determination, and therefore defendant's testimony was insufficient.  Although defendant contended that she was

---

[2] Although the MMMA was amended by 2012 PA 512, effective April 1, 2013, to include a statutory definition of "bona fide physician-patient relationship," that definition is not binding on this case since the alleged criminal conduct occurred on August 25, 2010, well before the amendment took effect.  See *Hartwick*, ___ Mich at ___; slip op at 34-35; see also *People v Russo*, 439 Mich 584, 594; 487 NW2d 698 (1992) ("The general rule of statutory construction in Michigan is that a new or amended statute applies prospectively unless the Legislature has expressly or impliedly indicated its intention to give it retrospective effect.").

[3] Defendant argues that the 17 marijuana plants she possessed were too young to contain usable marijuana; however, a § 8 defense does not refer to "usable marijuana" but to all marijuana possessed by the defendant.  *People v Carruthers*, 301 Mich App 590, 612-613; 837 NW2d 16 (2013).

the best source to establish how much marijuana she needed to treat her pain, she admitted that she had no medical training and that no physician ever advised her how much marijuana to take or how often to take it to treat her condition. On appeal, defendant argues that medical marijuana can be taken like many other prescribed medications on an "as needed" basis, but again, she failed to provide any evidence that she was told by a physician to use medical marijuana as needed.

Additionally, the prosecution argued that there were two medical marijuana users in the home, defendant and her husband, and that those two users possessed all of the marijuana together. Defendant admitted that she was not Mr. Agro's caregiver and he was not hers. Because defendant admitted that she not only possessed marijuana for her own use but also possessed it for her husband's use, she failed to show under § 8(a)(2) that she was not in possession of more marijuana than was "reasonably necessary to ensure the uninterrupted availability of marihuana for the purpose of treating or alleviating *the patient's*," i.e., her own, serious or debilitating medical condition or symptoms. (Emphasis added.) Further, defendant admitted that no physician ever opined how much marijuana she should take, and she herself never asserted how much marijuana she needed to alleviate her pain. Based upon the foregoing, defendant failed to meet the three elements necessary to present a § 8 defense to a jury.

Defendant next argues that the MMMA is so ambiguous that she was unable to determine what conduct was proscribed by the statute and believed she had complied with the statute, and thus the rule of lenity should apply. Because defendant raises this argument for the first time on appeal, this issue is reviewed for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Regarding the rule of lenity, this Court has held that it applies to mitigate punishment only if the statute is ambiguous or "in absence of any firm indication of legislative intent." *People v Johnson*, 302 Mich App 450, 462; 838 NW2d 889 (2013) (citation and quotation marks omitted).

Defendant's lenity argument fails. An appellate court's construction of a statute is binding upon any lower court. See *Catalina Mktg Sales Corp v Dep't of Treasury*, 470 Mich 13, 23; 678 NW2d 619 (2004). The Michigan Supreme Court in *Kolanek* held that to constitute a bona fide physician-patient relationship under the MMMA, the relationship must have been pre-existing (i.e., existed before certification), ongoing (i.e., continued after certification), and must have been for the purpose of treating the patient. *Kolanek*, 492 Mich at 396 n 30. Therefore, our Supreme Court has provided a definition of the phrase "bona fide physician-patient relationship," which was binding on the lower court. Defendant has failed to show that the rule of lenity should be applied here.

Likewise, defendant's argument that applying this definition retroactively violates the Ex Post Facto Clause because it is a judicial enlargement of the MMMA also fails. The Ex Post Facto clause restricts the power of the legislature, not the judiciary. *Rogers v Tennessee*, 532 US 451, 456, 459-460; 121 S Ct 1693; 149 L Ed 2d 697 (2001).

Finally, this definition is not an exception to the ordinary rule that judicial decisions are applied retroactively. A narrow exception to the ordinary rule of retroactive application of judicial opinions exists when the judicial opinion overrules established precedent or adds a new requirement to the statute, and the opinion is unforeseeable. *Rogers*, 532 US at 457; *People v*

*Doyle*, 451 Mich 93, 101, 104; 545 NW2d 627 (1996). The *Kolanek* definition of "bona fide physician-patient relationship," which was reaffirmed in *Hartwick* ___ Mich at ___; slip op at 34-35, did not overrule established precedent and therefore was not law-changing in that respect.

Accordingly, we hold that the trial court properly denied defendant's motion to assert a defense under § 8 of the MMMA, MCL 333.26428.

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola