# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant/Cross-Appellee,

v

MICHAEL LEROY LEWIS, JR.,

        Defendant-Appellee/Cross-
        Appellant.

UNPUBLISHED
February 28, 2017

No. 330107
Ingham Circuit Court
LC No. 14-001087-FH

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

PER CURIAM.

Defendant was charged with multiple counts of delivering marijuana, MCL 333.7401(2)(D)(*iii*). Finding that the police entrapped defendant, the circuit court dismissed the charges. The prosecution appeals this decision as of right. Defendant cross-appeals, claiming that the prosecution presented insufficient evidence to bind him over to the circuit court and, alternatively, that if his charges are to proceed to trial, he should be allowed to present a defense under MCL 333.26428, a provision of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*. We reverse in part, affirm in part, and remand for further proceedings.

Defendant was an employee of an establishment through which patrons could purchase marijuana to treat their ostensible medical ailments. In 2011, undercover police officers visited this establishment to purchase marijuana. The prosecution presented evidence that the officers were allowed to purchase marijuana from defendant simply by filling out an application. No officer presented a medical-marijuana card, and defendant was not registered with the state as the officers' caregiver.

At the preliminary examination, the prosecution argued that the sale of marijuana, as opposed to the transfer or delivery of marijuana, was prohibited by the MMMA under this Court's holding in *State v McQueen*, 293 Mich App 644; 811 NW2d 513 (2011), aff'd on other grounds, 493 Mich 135 (2013). The district court dismissed all charges against defendant, reasoning that defendant was immune from prosecution because the transactions at issue constituted the "medical use" of marijuana under MCL 333.26424. The prosecution appealed and the circuit court found that, although defendant was not immune from prosecution under *State v McQueen*, 493 Mich 135; 828 NW2d 644 (2013), because his caregiver relationship with the purported patients was not established with the state, the charges against defendant could not

-1-

proceed because that decision was not rendered until after the conduct at issue had occurred. This Court reversed, holding that *McQueen* applied retroactively to cases pending at the time of its release, and remanded this case to the district court. *People v Lewis*, unpublished order of the Court of Appeals, entered February 25, 2014 (Docket No. 317317). The district court then bound defendant over to the circuit court for trial without receiving additional evidence.

Defendant subsequently filed motions with the circuit court requesting that the court (1) quash his bindover, (2) dismiss the charges against him because the police had entrapped him into committing the offenses, or (3) allow him to present a defense under § 8 of the MMMA, MCL 333.26428. After hearing additional testimony, the circuit court dismissed the charges against defendant, concluding that the officers entrapped defendant by submitting false documents to him and that defendant acted reasonably by relying on the paperwork submitted to him. At the prosecution's request, the circuit court then ruled on defendant's additional arguments, finding that there was probable cause to support the district court's bindover and dismissing as moot defendant's request to present a § 8 defense.

The prosecution argues that the circuit court committed error requiring reversal by dismissing the charges against defendant based on entrapment. We agree. This court reviews "de novo as a matter of law whether the police entrapped a defendant, but the trial court's specific findings of fact are reviewed for clear error." *People v Vansickle*, 303 Mich App 111, 114; 842 NW2d 289 (2013). "The findings are clearly erroneous if this Court is left with a firm conviction that a mistake was made." *People v Fyda*, 288 Mich App 446, 456; 793 NW2d 712 (2010).

A criminal "[d]efendant [bears] the burden of proving by a preponderance of the evidence that he was entrapped." *Vansickle*, 303 Mich App at 115. Whether a defendant has been entrapped by the police is "a question of law for the trial court to decide[.]" *People v Woods*, 241 Mich App 545, 554; 616 NW2d 211 (2000). Therefore, "[w]hen an accused claims entrapment, the trial court must conduct a separate evidentiary hearing to resolve the issue." *Id*. Although "[m]any states and the federal government use a subjective test, . . . Michigan and a minority of other states follow the objective test of entrapment." *People v Juillet*, 439 Mich 34, 53; 475 NW2d 786 (1991). Under this test, " '[e]ntrapment occurs if (1) the police engage in impermissible conduct that would induce an otherwise law-abiding person to commit a crime in similar circumstances or (2) the police engage in conduct so reprehensible that the court cannot tolerate it.' " *Vansickle*, 303 Mich App at 115, quoting *Fyda*, 288 Mich App at 456.[1]

---

[1] The Michigan Supreme Court questioned, without deciding, the constitutional validity of this judicially-created entrapment test in *People v Johnson*, 466 Mich 491, 509; 647 NW2d 480 (2002), stating:

> [A]fter review of our entrapment defense law, we note that Chief Justice Corrigan has raised serious questions regarding the constitutionality of *any* judicially created entrapment test in Michigan. [*People v Maffett*, 464 Mich 878, 878-899; 633 NW2d 339 (2001)] (CORRIGAN, C.J., dissenting). Accordingly, we urge the

In determining whether a defendant was unlawfully induced to commit a crime, the trial court should give consideration to " 'the willingness of the accused to commit the act weighed against how a *normally law-abiding person* would react *in similar circumstances.*' " *Juillet*, 439 Mich at 54, quoting *People v Jamieson*, 436 Mich 61, 74; 461 NW2d 884 (1990) (emphasis added in *Juillet*). "The police do not engage in entrapment by merely providing a defendant with the opportunity to commit a crime." *Vansickle*, 303 Mich App at 115. The courts of this state look to the following factors to determine if a defendant was unlawfully induced to commit a crime:

> (1) whether there existed appeals to the defendant's sympathy as a friend, (2) whether the defendant had been known to commit the crime with which he was charged, (3) whether there were any long time lapses between the investigation and the arrest, (4) whether there existed any inducements that would make the commission of a crime unusually attractive to a hypothetical law-abiding citizen, (5) whether there were offers of excessive consideration or other enticement, (6) whether there was a guarantee that the acts alleged as crimes were not illegal, (7) whether, and to what extent, any government pressure existed, (8) whether there existed sexual favors, (9) whether there were any threats of arrest, (10) whether there existed any government procedures that tended to escalate the criminal culpability of the defendant, (11) whether there was police control over any informant, and (12) whether the investigation was targeted. [*People v Johnson*, 466 Mich 491, 498-499, 647 NW2d 480 (2002).]

Additionally, police conduct may be so reprehensible as to constitute entrapment when a court "cannot tolerate the conduct and will bar prosecution on the basis of that conduct alone" or when "the furnishing of the opportunity for a target to commit an offense requires the police to commit certain criminal, dangerous, or immoral acts." *People v Connolly*, 232 Mich App 425, 429-430; 591 NW2d 340 (1998) (quotation marks and citations omitted). The police's conduct must be more egregious to constitute entrapment by way of reprehensible police conduct than by way of inducing a normally law-abiding person to commit a crime he or she otherwise would not have committed. *People v Fabiano*, 192 Mich App 523, 531; 482 NW2d 467 (1992).

We note that in *People v Carruthers*, unpublished opinion of the Court of Appeals, issued December 15, 2015 (Docket Nos. 319991, 319992, 319993, 319994, 319995, 319996), p 4,[2] an undercover deputy presented employees at a medical marijuana dispensary with (1) a driver's license issued for his undercover persona; "(2) an application for a medical marijuana registry identification card, and a copy of a cashed money order payable to 'State of MI – MMMP' to show that the state had accepted his application; and (3) a photocopied certification from a doctor recommending the use of marijuana for medical purposes." The deputy filled out a

---

> Legislature to consider these questions and determine whether a legislative response is warranted.

[2] Although unpublished opinions are not binding precedent, MCR 7.215(C)(1), this Court may use them as guides and view them as persuasive. See, e.g., *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004).

membership form and was accepted as a member of the dispensary, thereby allowing him to purchase marijuana from the dispensary. *Id.* Throughout the next two months, the deputy purchased marijuana from the defendants by presenting only this membership card. *Id.* This Court reversed the trial court's determination that the deputy had entrapped the defendants, stating:

> In this case, the evidence clearly and dispositively shows that [the dispensary], from its inception, sold marijuana to individuals who: (1) filled out an application; and (2) provided a doctor's certificate, driver's license, and MMMA registration card. Indeed, after receiving this documentation, defendants sold marijuana to the deputy who, to defendants, must have been a stranger who walked in off the street and requested marijuana.
>
> As such, defendants obviously were not connected with the deputy through the Department of Community Health's registration process and were not his authorized caregivers. *McQueen*, 493 Mich at 156. Moreover, defendants' conduct with the deputy—while reason enough for their prosecution—was not an isolated incident: the evidence showed that defendants, through [the dispensary], sold marijuana to other customers and even advertised its services on the internet *before* the deputy began his investigation. Again, it is therefore impossible for the police to have induced defendants "to commit a crime" because defendants were already committing crimes when the sheriff's deputy applied to be a member of [the dispensary] and purchase marijuana. *Johnson*, 466 Mich. at 498. The crux of the trial court's holding—"if the [deputy] had been a legitimate medical marijuana patient, and was only receiving his supply of marijuana from the defendants, the MMMA would have shielded them from prosecution"—is simply incorrect.
>
> The trial court also misapplied the law when it held that the deputy entrapped defendants by use of "forged" documents. As noted, the deputy's use of "deceit" to expose an ongoing criminal enterprise is not entrapment—it is basic undercover police work. [*People v Williams*, 196 Mich App 656, 663; 493 NW2d 507 (1992)]. Moreover, as noted, our Court has held that precisely this sort of undercover police work to reveal the illegal operation of a marijuana dispensary is *not entrapment. Vansickle*, 303 Mich App at 117. [*Carruthers*, unpub op at 8-9 (footnotes omitted).]

Like in *Carruthers*, the use of false documents in the present case was simply undercover police work. See also *Vansickle*, 303 Mich App at 117. In addition, defendant was operating under a business model that facilitated illegal activity; he sold marijuana to individuals without being their registered caregiver. See *McQueen*, 493 Mich at 156. Although defendant takes issue with the application of *McQueen* to transactions occurring before its issuance, this Court has *already held* that *McQueen* must be applied to this case. *People v Lewis*, unpublished order of the Court of Appeals, entered February 25, 2014 (Docket No. 317317). The police merely provided "defendant with the opportunity to commit a crime," *Vansickle*, 303 Mich App at 115, and we thus conclude that the circuit court erred by holding that defendant was entrapped.

Defendant claims that the trial court erred by denying his motion to quash his bindover. Defendant is essentially claiming that he had no criminal culpability because he was trying to rely on existing law.

The circuit court reviews "[a] district court's bindover decision that is contingent on the factual sufficiency of the evidence . . . for an abuse of discretion." *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013). On appeal, " '[t]his Court reviews de novo the bindover decision to determine whether the district court abused its discretion, giving no deference to the circuit court's decision.' " *Id.*, quoting *People v Redden*, 290 Mich App 65, 83, 799 NW2d 184 (2009). When the district court decision addresses " 'whether the alleged conduct falls within the scope of a penal statute, the issue presents a question of law that we review de novo.' " *Norwood*, 303 Mich App at 468–69, quoting *People v Armisted*, 295 Mich App 32, 37; 811 NW2d 47 (2011).

Defendant essentially argues that he could not be bound over for trial because, at the time of the purported offense, he believed his conduct to be lawful, but this argument was effectively rejected by this Court's decision ordering that *McQueen* applied retroactively to this case on remand. *People v Lewis*, unpublished order of the Court of Appeals, entered February 25, 2014 (Docket No. 317317). In addition, this Court has specifically held that McQueen may be applied retroactively without violating due process, given the specifics of the Public Health Code and the way the MMMA intersects with it. *People v Johnson*, 302 Mich App 450, 465-466; 838 NW2d 889 (2013).[3] Given existing case law and given this Court's prior decision in this specific case, defendant has advanced no meritorious basis for reversal.

Defendant argues that he should be allowed to present a defense under § 8 of the MMMA, MCL 333.26428, at trial. We find this claim to be premature. The circuit court dismissed the charges against defendant because it found that he was entrapped by the police and dismissed the § 8 claim as moot. On remand, the circuit court may further address the issue.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter

---

[3] We also note that in *People v Danto*, 294 Mich App 596, 604-605; 822 NW2d 600 (2011), the Court stated that the defendant in question had "identified no provision in the [MMMA] that would have authorized him to sell marijuana to . . . undercover officers. . . . [Defendant] does not claim or offer evidence that he was connected through the department's registration process with the undercover officers to whom he sold marijuana. Therefore, . . . the [MMMA] did not authorize [defendant's] sales to the officers . . . ."