# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

CHRISTOPHER JOHN CZARNIK,

      Defendant-Appellant.

UNPUBLISHED
July 3, 2018

No. 338856
Muskegon Circuit Court
LC No. 16-003134-FH

Before: MURRAY, C.J., and MARKEY and TUKEL, JJ.

MURRAY, C.J., (*concurring*).

I concur in the affirmance of the trial court's order denying defendant's motion to quash the information and to dismiss the charge against him. And, although I agree with the rationale offered by the majority, I write separately to address the basis relied upon by the trial court.

Defendant was convicted of a single count of producing child sexually abusive material, contrary to MCL 750.145c(2). The statutory definition of the phrase "child sexually abusive material" is as follows:

> "Child sexually abusive material" means any depiction, whether made or produced by electronic, mechanical, or other means, including a developed or undeveloped photograph, picture, film, slide, video, electronic visual image, computer diskette, computer or computer-generated image, or picture, or sound recording which is of a child or appears to include a child engaging in a listed sexual act; a book, magazine, computer, computer storage device, or other visual or print or printable medium containing such a photograph, picture, film, slide, video, electronic visual image, computer, or computer-generated image, or picture, or sound recording; or any reproduction, copy, or print of such a photograph, picture, film, slide, video, electronic visual image, book, magazine, computer, or computer-generated image, or picture, other visual or print or printable medium, or sound recording. [MCL 750.145c(1)(o).]

The statute does not provide a definition for the phrase "any depiction" or for the word "depiction." Because the statute does not contain a definition for the word "depiction," we turn to dictionary definitions to determine the plain and ordinary meaning of the word. *Merriam-Webster's Collegiate Dictionary* (11th ed) defines the word "depict" to mean either (1) "to represent by or as if by a picture" or (2) "describe." That dictionary also defines "describe" as

-1-

"to represent or give an account of in words." *Webster's New Universal Unabridged Dictionary* (2d ed) defines the word "depict" to mean (1) "to paint; to portray; to form a likeness of by drawing, painting, sculpturing, etc.; as, to *depict* a lion on a shield"; or (2) "to describe; to represent in words; as, the poet *depicts* the virtues of his hero." In addition, that dictionary defines the word "depiction" to mean (1) "a depicting or being depicted"; (2) "a picture, sculpture, etc. depicting something"; or (3) a "description." Because dictionary definitions of the term "depiction" include a description in words, and are not limited to visual or auditory representations, "any" "depiction" can include a written description set forth in a manuscript, such as the hand-written manuscript created by defendant.

Defendant argues that this Court should interpret the meaning of the statutory term "depiction" using the associated-words canon, *noscitur a sociis*, which holds that associated words bear on one another's meaning. According to defendant, the examples provided for what constitutes a depiction are all visual related, and thus the manuscript cannot be a "depiction" as intended by the Legislature. "This principle [*noscitur a sociis*] states that when several words are associated in a context suggesting that the words have something in common, they should be assigned a permissible meaning that makes them similar. The canon especially holds that words grouped in a list should be given related meanings." *Atlantic Cas Ins Co v Gustafson*, 315 Mich App 533, 541; 891 NW2d 499 (2016) (quotation marks and citations omitted). The associated-words canon is, however, inapplicable to the proper interpretation of the term "depiction." Contrary to defendant's argument, the word "depiction" is not part of a list. Rather, the word "depiction," which is preceded by "any," is *followed by* a list that contains examples of what types of materials qualify as depictions. See MCL 750.145c(1)(o) ("Child sexually abusive material" is "any depiction . . . *including* a developed or undeveloped photograph, picture, film, slide, video, electronic visual image, computer diskette, computer or computer-generated image, or picture, or sound recording which is of a child or appears to include a child engaging in a listed sexual act[.]") (emphasis added).

As plaintiff argues, the "the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle." *Fed Land Bank of St Paul v Bismarck Lumber Co*, 314 US 95, 100; 62 S Ct 1; 86 L Ed 65 (1941). "[T]he verb 'includes' imports a general class, some of whose particular instances are those specified in the definition." *Helvering v Morgan's, Inc*, 293 US 121, 125 n 1; 55 S Ct 60; 79 L Ed 232 (1934). The statutory examples that follow the word "including" embrace words (sound recording) as well as pictorial or visual representations. Hence, defendant's attempt to read the list of words that follow the term "including" in a limited manner, as an exhaustive list of only *pictorial or visual* representations, is incorrect.

Plaintiff correctly argues that, when viewed in this context, the phrase "any depiction" and the word "including" that follows indicate the Legislature's intent to include depictions of every sort, including written descriptions. First, the statute prohibits "any depiction." Use of the word "any" indicates that the Legislature intended the statute to encompass every type of depiction. Second, the statute provides a list of examples of prohibited depictions, including both written descriptions as well as visual and audio descriptions. This is demonstrated by the inclusion of both the term "computer diskette" and the term "sound recording" in the list of items that qualify as "depictions." A computer diskette is a storage medium that may be used to store a number of different items, including written words, photographs, pictures, videos, electronic

visual images, and sound recordings. Contrary to defendant's argument, the statutorily provided list does not exclusively describe visual and audio representations, as a computer diskette is neither of those things, but is a medium that may be used to store those things and more. In addition, plaintiff correctly points out that the statutory list of items that qualifies as "depictions" includes sound recordings, which are a method of capturing descriptive words, similar to the way in which a written manuscript is a method of capturing descriptive words.[1]

Because the written manuscript that defendant created qualifies as a "depiction" for purposes of MCL 750.145c(2), we affirm the trial court's denial of defendant's motion to quash the information and to dismiss the criminal charge to which he pled guilty.

I would affirm on this basis.

/s/ Christopher M. Murray

---

[1] Contrary to defendant's argument, the rule of lenity does not apply. "The 'rule of lenity' provides that courts should mitigate punishment when the punishment in a criminal statute is unclear. The rule of lenity applies only if the statute is ambiguous or 'in absence of any firm indication of legislative intent.' " *People v Johnson*, 302 Mich App 450, 462; 838 NW2d 889 (2013) (quotation marks and citations omitted). The statutory punishment prohibiting the production of child sexually abusive materials is not unclear, the statute is not ambiguous, and the statute does not lack a firm indication of legislative intent. Rather, the statute clearly prohibits an individual from producing "any depiction" of "child sexually abusive materials." The written manuscript that defendant admitted producing qualifies as a written "depiction" of young children engaged in listed sexual activities with adults.

-3-