PEOPLE v NICHOLSON

Docket No. 306496. Submitted May 1, 2012, at Grand Rapids. Decided
June 26, 2012, at 9:15 a.m.

James Rg Nicholson was charged in the 58th District Court, Kenneth
D. Post, J., with possession of marijuana in violation of MCL
333.7403(2)(d) after he was discovered on May 1, 2011, by a police
officer with approximately one ounce of marijuana while sitting in
a passenger seat of a parked vehicle and was arrested. He sought
dismissal of the charge on the basis that he had applied for a
registry identification card to use marijuana for medical purposes
more than 20 days before he was arrested and, although he had not
received the card before his arrest, by virtue of MCL 333.26429(b),
his registry identification card was to be deemed granted by that
date. He did not have a copy of the application with him at the time
of his arrest, and he claimed that the paperwork was located in his
own vehicle parked at his residence. In the district court, defen-
dant produced a copy of his application, dated February 16, 2011,
and a registry identification card that was backdated to indicate an
issuance date of March 18, 2011. The district court denied the
motion to dismiss the charge on the basis that § 4 and § 8 of the
Michigan Medical Marihuana Act (MMMA), MCL 333.26424 and
MCL 333.26428, respectively, did not protect two different classes
of patients and, therefore, defendant was required to establish a
doctor-patient relationship under § 4. Defendant sought leave to
appeal the district court's ruling in the Ottawa Circuit Court. The
circuit court, Jon A. Van Allsburg, J., denied leave to appeal,
holding that § 4 required defendant to have a registry identifica-
tion card in his possession at the time of the offense. Defendant
sought leave to appeal in the Court of Appeals, alleging that the
circuit court erred by interpreting § 4(a) to require actual posses-
sion of a registry identification card at the time of the offense.
Defendant alleged that a qualifying patient may not be arrested or
prosecuted for the medical use of marijuana as long as the patient
has a registry identification card somewhere, and that the patient
is not required to produce the card immediately or carry the card
on his or her person in order to qualify for the immunity set forth

in § 4(a). The Court of Appeals granted defendant's application for leave to appeal.

The Court of Appeals *held*:

1. Sections 4 and 8 of the MMMA function independently. There is no mention of a physician-patient relationship in § 4. The district court erred by holding that defendant was required to establish a physician-patient relationship under § 4.

2. Section 4(a) provides that a defendant is immune from arrest, prosecution, or penalty if the defendant is a qualifying patient, who has been issued and possesses a registry identification card, and possesses less than 2.5 ounces of useable marijuana. The medical use of marijuana in accordance with the MMMA is an additional criterion for immunity under § 4(a). It is not disputed that defendant was a qualifying patient, had been issued the equivalent of a registry identification card, and possessed less than 2.5 ounces of marijuana.

3. The immunity from arrest, prosecution, or penalty set forth in § 4(a) is applicable separately under each circumstance. Whether a person is one who possesses a registry identification card so as to be immune from arrest is a separate question for the court from whether the person is immune from prosecution or from penalty, and the court must inquire whether the person possesses a registry identification card at the time of the arrest, prosecution, or penalty separately.

4. Section 4(a) uses the term "possesses" in the present tense and, therefore, requires a defendant to presently possess a registry identification card in order to qualify for immunity from arrest. Someone possesses a registry identification card, for purposes of immunity from arrest, only when the person's card is reasonably accessible at the location of that person's marijuana possession and use. Defendant's card was not reasonably accessible when he was requested to produce it, therefore, he was not entitled to immunity from arrest.

5. Defendant met the requirement of possessing a card at the time of his prosecution and, therefore, for purposes of the "possesses" requirement, is immune from prosecution. However, defendant must still establish that he was engaged in the medical use of marijuana in accordance with the MMMA at the time of his arrest in order to be immune from prosecution. Because this issue is not properly before the Court of Appeals and the factual record is not sufficient to resolve the issue, the case must be remanded for consideration of this issue.

Reversed and remanded.

CONTROLLED SUBSTANCES — MARIJUANA — MICHIGAN MEDICAL MARIHUANA ACT — IMMUNITY FROM ARREST, PROSECUTION, OR PENALTY — WORDS AND PHRASES — POSSESSES.

A qualifying patient who has been issued and possesses a registry identification card is immune from arrest, prosecution, or penalty under the provisions of the Michigan Medical Marihuana Act for the possession or use of marijuana where the patient possesses less than 2.5 ounces of usable marijuana and the patient's possession and use of the marijuana was the medical use of marijuana as defined in the act; the immunity from arrest, prosecution, or penalty is applicable separately under each circumstance, therefore, a person may fail to qualify for immunity from arrest but still be entitled to immunity from prosecution or penalty; the act's use of the term "possesses" requires the patient to presently possess a card in order to qualify for immunity; a patient possess a card for purposes of immunity from arrest only when the patient's card is reasonably accessible at the location of the patient's possession or use of marijuana, and a patient possesses a card for purposes of immunity from prosecution only when the card is reasonably accessible at the location of his or her prosecution (MCL 333.26423[e], [h], [i], and [j]; MCL 333.26424[a]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Ronald J. Frantz*, Prosecuting Attorney, and *Gregory J. Babbitt*, Chief Appeals Attorney, for the people.

*Newburg Law, PLLC* (by *Matthew R. Newburg* and *Eric W. Misterovich*), for defendant.

Before: WHITBECK, P.J., and SAWYER and HOEKSTRA, JJ.

HOEKSTRA, J. Defendant appeals by leave granted the circuit court order denying his application for leave to appeal the district court's denial of defendant's motion to dismiss a charge of possession of marijuana on the basis of immunity provided by the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*[1] For

---

[1] Although the statutory provisions at issue refer to "marihuana," by convention this Court uses the more common spelling "marijuana" in its opinions.

the reasons stated in this opinion, we reverse and remand for proceedings consistent with this opinion.

Defendant was arrested on May 1, 2011, for possession of marijuana in violation of MCL 333.7403(2)(d). Before his arrest, defendant had been sitting in a passenger seat of a parked vehicle near the Grandville water treatment plant when the vehicle was approached by a police officer. Defendant had approximately one ounce of marijuana in his possession, and verbally informed the police officer that he was a medical marijuana patient. Defendant indicated that he had been approved for the medical use of marijuana, but that he had not yet received his registry identification card. Defendant claimed to have paperwork showing his approval for the use of marijuana for medical purposes, but the paperwork was in his own car that was parked at his residence. The police officer arrested defendant and he was subsequently charged with possession of marijuana in violation of MCL 333.7403(2)(d).[2]

In the district court, defendant moved for dismissal of the charge pursuant to § 4(a) of the MMMA, which provides, in pertinent part: "A qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner . . . provided that the qualifying patient possesses an amount of marihuana that does not exceed 2.5 ounces of usable marihuana . . . ." MCL 333.26424(a). Defendant argued that while he did not have the paperwork with him at the time of his arrest, he had applied for a registry identification card on February 16, 2011. Further, defendant maintained that although he had not received the actual card before the

---

[2] MCL 333.7403(2)(d) provides that a person shall not knowingly or intentionally possess a controlled substance, and that a person who possesses marijuana is guilty of a misdemeanor punishable by imprisonment for not more than one year or a fine of not more than $2,000, or both.

date of his arrest, by virtue of MCL 333.26429(b),[3] his application became his card on March 18, 2011. The record also indicates that a copy of defendant's application, dated February 16, 2011, and a registry identification card that was backdated to indicate an issuance date of March 18, 2011, were submitted to the district court. The district court denied defendant's motion to dismiss.[4]

Defendant then filed an application for leave to appeal the district court's ruling in the circuit court, which granted defendant's motion for immediate consideration, but denied the application in a written decision. The circuit court focused its analysis on the meaning of the term "possesses" as used in § 4. The circuit court determined:

---

[3] MCL 333.26429(b) provides:

If the department fails to issue a valid registry identification card in response to a valid application or renewal submitted pursuant to this act within 20 days of its submission, the registry identification card shall be deemed granted, and a copy of the registry identification application or renewal shall be deemed a valid registry identification card.

[4] In denying defendant's motion to dismiss, the district court indicated that § 4 and § 8 (MCL 333.26424 and MCL 333.26428) of the MMMA did not protect two different classes of patients, and that defendant was required to establish a doctor-patient relationship under § 4. The circuit court denied defendant's application for leave to appeal on different grounds. Nonetheless, we note that the district court erred by conflating § 4 and § 8. As this Court has plainly explained, "the MMMA provides two ways in which to show legal use of marijuana for medical purposes in accordance with the act. Individuals may either register and obtain a registry identification card under § 4 or remain unregistered and, if facing criminal prosecution, be forced to assert the affirmative defense in § 8." *People v Redden*, 290 Mich App 65, 81; 799 NW2d 184 (2010). Because § 4 functions independently of § 8, and there is no mention of a physician-patient relationship in § 4, the district court erred by holding that defendant must establish a physician-patient relationship under § 4. See *id.*

> For [defendant] to avail himself of the defense provided by section 4(a) of the act, he had to have an issued registry identification card, *in his possession* at the time of the offense. However, he acknowledges in his motion that he handed the officer a baggy containing marijuana, and that he had applied for, but had not received, a medical marijuana card.

Accordingly, the circuit court denied defendant's application.

On appeal, defendant argues that the circuit court improperly added an "immediate possession" requirement to the statute. Defendant maintains that the immunity from arrest and prosecution provided in § 4(a) for "[a] qualifying patient who has been issued and possesses a registry identification card" extends to qualifying patients who have constructive possession of a registry identification card. Accordingly, defendant urges us to find that a qualifying patient may not be arrested or prosecuted for the medical use of marijuana as long as that patient has a registry identification card somewhere, and that a patient is not required to produce the card immediately or carry the card on his or her person in order to qualify for the immunity set forth in § 4(a).

We review a trial court's decision on a motion to dismiss charges against a defendant for an abuse of discretion. *People v Campbell*, 289 Mich App 533, 535; 798 NW2d 514 (2010). A trial court may be said to have abused its discretion only when its decision falls outside the range of principled outcomes. *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008).

We review de novo a trial court's interpretation of the MMMA. *People v Bylsma*, 294 Mich App 219, 226; 816 NW2d 426 (2011). "The MMMA was enacted as a result of an initiative adopted by the voters in the November

2008 election." *Id.* This Court explained the rules of construction that apply to the interpretation of an initiative law in *Redden*, 290 Mich App at 76-77:

> "The words of an initiative law are given their ordinary and customary meaning as would have been understood by the voters." *Welch Foods, Inc v Attorney General*, 213 Mich App 459, 461; 540 NW2d 693 (1995). We presume that the meaning as plainly expressed in the statute is what was intended. *Id.* This Court must avoid a construction that would render any part of a statute surplusage or nugatory, and "[w]e must consider both the plain meaning of the critical words or phrases as well as their placement and purpose in the statutory scheme." *People v Williams*, 268 Mich App 416, 425; 707 NW2d 624 (2005).

It is illegal under the Public Health Code, MCL 333.1101 *et seq.*, for a person to possess, use, manufacture, create, or deliver marijuana. *Michigan v McQueen*, 293 Mich App 644, 658; 811 NW2d 513 (2011); see also MCL 333.7401(2)(d); MCL 333.7403(2)(d); MCL 333.7404(2)(d). The MMMA permits the medical use of marijuana "to the extent that it is carried out in accordance with the provisions" of the MMMA. MCL 333.26427(a). The MMMA "sets forth very limited circumstances under which those involved with the use of marijuana may avoid criminal liability"; the MMMA did not repeal any drug laws. *Bylsma*, 294 Mich App at 227.

In this case, defendant moved for dismissal of his marijuana charge on the basis of the immunity provided in § 4(a) of the MMMA. Section 4(a) provides:

> A qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege, including but not limited to civil penalty or disciplinary action by a business or occupational or professional licensing board or bureau, for the medical use of marihuana in accordance with this act, provided that the

qualifying patient possesses an amount of marihuana that does not exceed 2.5 ounces of usable marihuana, and, if the qualifying patient has not specified that a primary caregiver will be allowed under state law to cultivate marihuana for the qualifying patient, 12 marihuana plants kept in an enclosed, locked facility. Any incidental amount of seeds, stalks, and unusable roots shall also be allowed under state law and shall not be included in this amount. [MCL 333.26424(a).]

Accordingly, a defendant is immune from arrest, prosecution, or penalty pursuant to § 4(a) if he or she (1) is a qualifying patient, (2) who has been issued and possesses a registry identification card, and (3) possesses less than 2.5 ounces of usable marijuana. *Id.* Provided that a defendant satisfies these requirements, he or she is entitled to immunity under § 4(a) for the "medical use"[5] of marijuana in accordance with the MMMA. MCL 333.26424(a). Thus, medical use in accordance with the MMMA is an additional criterion for § 4(a) immunity.

It is not disputed that on the date of his arrest, defendant was a qualifying patient, had been issued the equivalent of a registry identification card pursuant to MCL 333.26429(b), and possessed less than 2.5 ounces of usable marijuana. What remains to be decided is whether, under the circumstances of this case, defendant can satisfy the statutory requirements that a user of marijuana for medical purposes be a person who "possesses a registry identification card" and was engaged in the medical use of marijuana in accordance with the MMMA.

---

[5] " 'Medical use' means the acquisition, possession, cultivation, manufacture, use, internal possession, delivery, transfer, or transportation of marihuana or paraphernalia relating to the administration of marihuana to treat or alleviate a registered qualifying patient's debilitating medical condition or symptoms associated with the debilitating medical condition." MCL 333.26423(e).

On appeal, defendant argues that the term "possesses" should be construed to include constructive possession, and that, accordingly, he satisfied the requirement because he had constructive possession of a registry identification card, which was in his automobile at his residence. The prosecution argues that defendant was required to have his registry identification card on his person in order to satisfy the "possesses" requirement. It is apparent from these arguments that both defendant and the prosecution presume that whether a defendant is a person who "possesses a registry identification card" *at the time of his or her arrest* is determinative regarding whether he or she meets the § 4(a) "possesses" requirement in order to be immune from not only arrest, but also prosecution or penalty.

However, contrary to the parties' position, we conclude that a person can fail to qualify for immunity from arrest pursuant to § 4(a), but still be entitled to immunity from prosecution or penalty. Therefore, courts must inquire whether a person "possesses a registry identification card" at the time of arrest, prosecution, or penalty separately. We base this conclusion on the ordinary and customary meaning of the words, as they would have been understood by the voters, and we presume that the meaning plainly expressed by the words used in the statute is what was intended. *Redden*, 290 Mich App at 76.

The statutory section at issue in this case specifically provides, in pertinent part, that "[a] qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, *or* penalty in any manner[.]" MCL 333.26424(a) (emphasis added). The word "or" is disjunctive and, accordingly, it indicates a choice between alternatives. *McQueen*, 293

Mich App at 671. Thus, the immunity from arrest, prosecution, or penalty set forth in § 4(a) is applicable separately under each circumstance. Accordingly, whether a person is one who possesses a registry identification card so as to be immune from arrest is a separate question from whether the person is immune from prosecution or penalty.

Further, regarding the "possesses" requirement, the statute uses the term "possesses" in the present tense. Thus, the language of the statute requires a defendant to presently possess his or her registry identification card in order to qualify for § 4(a) immunity from arrest. Consistent with the present tense language of the statute, we conclude that, for purposes of immunity from arrest, someone "possesses" a registry identification card only when the registry identification card is reasonably accessible at the location of that person's marijuana possession and use. For example, a registry identification card would be reasonably accessible at a person's location under circumstances where the person, who is in possession of marijuana in their house and is requested by a police officer to establish their claim of immunity by producing their registration identification card, does not have their card in their house but is able to comply by leaving the house and retrieving the card from a car that is parked in the driveway of the house.

In this case, the relevant facts show that the arresting officer discovered defendant in possession of marijuana when he was in a passenger seat in another individual's vehicle that was parked near the Grandville water treatment plant. The officer asked the driver of the vehicle about the marijuana, and the driver indicated that defendant, who sitting in a passenger seat in the vehicle, possessed the marijuana. Defendant

told the officer that he had "crotched" the marijuana and removed a small bag of marijuana from his groin region. At that point, defendant informed the officer that he was a medical marijuana patient, but that proof of this fact was located in his own vehicle, which was parked at his residence. Under these circumstances, we conclude that defendant's paperwork showing that he had been issued the equivalent of a registry identification card at the time the police officer found him to be in possession of marijuana was not reasonably accessible at the location where he was requested to produce it because he was in possession of marijuana in another individual's vehicle away from his residence where the paperwork for his card was located. Consequently, defendant was not a person who "possesses a registry identification card," and he was not entitled to immunity from arrest.[6]

We next address whether defendant is immune from prosecution. If defendant's registry identification card was reasonably accessible at the location of his prosecution, defendant would meet the "possesses" require-

---

[6] Defendant maintains that constructive possession of a registry identification card is sufficient to satisfy the statute's "possesses" requirement, and urges this Court to accept a definition of "possesses" that would require only dominion and control of a registry identification card. This argument is contrary to the plain language of the statute as we have interpreted it, and it is inconsistent with the clearly established law that permits police officers to arrest individuals who commit misdemeanor offenses in their presence. Construing § 4(a) to provide immunity to any person who merely makes the claim that they have a valid registry identification card, but is unable to display it, is unworkable because it would eviscerate the ability to enforce the prohibition against the unlawful possession of marijuana with respect to anyone who simply makes a representation of entitlement to immunity without any proof of that status. If only constructive possession of a registry identification card is required, police officers would have no ability to evaluate the legitimacy of a claim of immunity made by individuals in possession of marijuana.

ment for immunity pursuant to § 4(a) despite the fact that he was not entitled to immunity from arrest. Here, defendant's production of his registry identification card in the district court was sufficient. Accordingly, defendant met the statutory requirement of possessing a registry identification card at the time of his prosecution and therefore, for purposes of the "possesses" requirement defendant is immune from prosecution pursuant to § 4(a).

Our conclusion that defendant satisfied the "possesses" requirement in § 4(a) at the time of his prosecution does not conclusively resolve the issue regarding whether defendant is entitled to immunity from prosecution. Defendant still has one more hurdle to overcome to be entitled to § 4(a) immunity from prosecution; he must also establish that at the time of his arrest he was engaged in the medical use of marijuana in accordance with the MMMA. MCL 333.26424(a). Because this issue is not properly before us and the factual record is not sufficient for resolution of whether defendant was engaged in the medical use of marijuana in accordance with the MMMA, we remand for consideration of this issue.

In sum, we hold that defendant was not immune from arrest because his application paperwork for a registry identification card was not reasonably accessible at the location of his arrest. We further hold that because defendant did possess a registry identification card that had been issued before his arrest when being prosecuted, he is immune from prosecution unless evidence exists to show that his possession of marijuana at the time of his arrest was not in accordance with medical use as defined in the MMMA or otherwise not in accordance with the provisions of the MMMA.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

WHITBECK, P.J., and SAWYER, J., concurred with HOEKSTRA, J.