# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TRACY SHARON REYNOLDS,

        Defendant-Appellant.

UNPUBLISHED
December 29, 2016

No. 329251
Ionia Circuit Court
LC No. 2014-016248-FH

Before: BORRELLO, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right her jury trial conviction of operating a motor vehicle while intoxicated (OWI), MCL 257.625(1). The trial court sentenced defendant to 90 days in jail and 5 years' probation. For the reasons set forth in this opinion, we affirm.

## I. FACTS

In the early morning of October 18, 2015, Officer Spencer Sellner responded to a dispatch call regarding a fight at Smyrna Bar in Otisco Township in Ionia County. When Officer Sellner arrived at the bar, there were approximately 15 to 25 people milling around in front of the bar and one person lying unconscious in the street. Another officer arrived at the scene and tended to the unconscious person while Officer Sellner attempted to control the crowd. Defendant caught Officer Sellner's attention because she seemed to be the agitator of the crowd and appeared intoxicated.

Michigan State Police Trooper Aaron McCormick arrived on the scene approximately 15 minutes after Officer Sellner. Upon arriving, Trooper McCormick was briefed on the situation by Officer Sellner. Among other things, Officer Sellner informed Trooper McCormick that defendant appeared to be intoxicated. Shortly thereafter, Trooper McCormick saw defendant get into a car and drive it about 100 feet. Defendant parked the car and began walking back to where the crowd was gathered. Officer Sellner and Trooper McCormick approached defendant to conduct an OWI investigation. When Trooper McCormick spoke to defendant, he noticed that her eyes were bloodshot, her speech was slurred, and that she smelled of intoxicants. After defendant refused Trooper McCormick's request that she perform a field sobriety test, Trooper McCormick placed her under arrest and planned on getting a search warrant to test her blood. While Trooper McCormick was transporting defendant back to the Ionia County Jail, defendant agreed to take a breath test on the Datamaster DMT (DMT) located at the jail. Trooper

-1-

McCormick had defendant blow into the DMT twice. The first result showed defendant's alcohol level was 0.11 grams, and the second test showed that her alcohol level was 0.10 grams. Defendant was charged with OWI.

Before trial, defendant filed a motion to dismiss because the odor of alcohol on her breath and her bloodshot eyes were not enough to establish probable cause to arrest her. The trial court denied defendant's motion, finding that the arresting officer had sufficient probable cause based on information the arresting officer received from another officer that defendant was acting intoxicated, combined with the arresting officer's own observations that defendant's eyes were glassy and she smelled like alcohol.

At trial, Officer Robert Rickert, a jail officer for the Ionia County Sheriff's Department, testified that the DMT is an instrument that a person blows into to measure the amount of alcohol per 210 liters of breath. Officer Rickert testified that he ran an accuracy test on the DMT every Monday to ensure that the machine was giving results within 5-percent of an intended target. Officer Rickert kept logs of these tests, which were admitted into evidence. Officer Rickert testified that the logs did not show any indication that the machine was not working properly on the week that defendant was tested. Trooper McCormick testified that he had defendant blow into the DMT twice. Defendant's DMT tests were admitted into evidence over defendant's objections and showed that defendant's result for the first test was 0.11 grams and her result for the second test was 0.10 grams.

Benedict Kuslikis, the director of toxicology at Spectrum Health, testified on behalf of defendant as an expert in toxicology. Kusliskis testified that, based on the information that he was given, he estimated that defendant's alcohol level at the time she moved the car was 0.072. Kusliskis based this estimate on defendant's approximate height, weight, the food she ate that evening, and her consumption of two shots of Jim Beam at an estimated 40-percent alcohol by volume. It is unclear whether Kusliskis' estimate included the three beers defendant also consumed earlier in the night.

At the close of the prosecution's case, defendant moved for a directed verdict, arguing that there was no testimony to connect the DMT printout of defendant's test results to the statutory requirement that the results be measured per 210 liters of breath. The trial court denied defendant's motion, finding that the testimony of Officer Rickert discussed how the DMT takes measurements per 210 liters of breath.

Defendant was convicted and sentenced as set forth above. This appeal ensued.

## II. ANALYSIS

On appeal, defendant first argues that the trial court erred by denying her motion to dismiss because Trooper McCormick lacked probable cause to arrest her.

We "review a trial court's decision on a motion to dismiss . . . for an abuse of discretion." *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012). A trial court's

factual findings are reviewed for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

"A police officer may make an arrest without a warrant if there is probable cause to believe that a felony was committed by the defendant, or probable cause to believe that the defendant committed a misdemeanor in the officer's presence." *People v Chapo*, 283 Mich App 360, 366-367; 770 NW2d 68 (2009). "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996). "[P]robable cause is a fluid concept that is not readily or usefully reduced to a neat set of legal rules," and is therefore viewed in light of the "totality of the circumstances." *People v Levine*, 461 Mich 172, 179; 600 NW2d 622 (1999).

In this case, Trooper McCormick arrested defendant for OWI under MCL 257.625, which states in relevant part:

(1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:

* * *

(b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, or, beginning October 1, 2018, the person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

It is undisputed that Trooper McCormick saw defendant operate a vehicle. Defendant argues that Trooper McCormick lacked probable cause to arrest her because he had no basis for believing that she was intoxicated. This argument is without merit. Trooper McCormick testified that when he approached defendant to investigate a possible OWI, he smelled the odor of intoxicants, saw that defendant's eyes were bloodshot, and noticed that her speech was slurred. When Trooper McCormick attempted to determine whether defendant was intoxicated by having her perform field sobriety tests, she refused. Based on these facts, Trooper McCormick had probable cause to arrest defendant for OWI and detain her while he applied for a warrant to search her blood. Accordingly, the trial court did not abuse its discretion by denying defendant's motion to dismiss.

Defendant next argues that the trial court erred by denying defendant's motion for a directed verdict because the prosecution did not present any evidence to support a finding that the DMT results were taken per 210 liters of breath.

"When reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014) (citation and quotation marks omitted). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (citation and quotation marks omitted).

In this case, defendant was charged with OWI under MCL 257.625, which "requires proof of three elements: (1) the defendant operated a motor vehicle (2) on a highway or other place open to the general public or generally accessible to motor vehicles (3) while under the influence of liquor or a controlled substance." *People v Hyde*, 285 Mich App 428, 447-448; 775 NW2d 833 (2009). For the third element, the OWI statute specifically requires that the "person [have] an alcohol content of 0.08 grams or more . . . per 210 liters of breath[.]" MCL 257.625(1)(b). At trial, the prosecution presented evidence from Officer Rickert, who testified that the DMT "measures the amount of alcohol per 210 liters of breath," and explained how he tested the machine to ensure it was calibrated. Defendant's DMT results showed that defendant's alcohol level was 0.11 grams and 0.10 grams. A rational trier of fact could infer from Officer Rickert's testimony that these results were measurements taken per 210 liters of breath. As such, the evidence presented at trial could have allowed a rational trier of fact to conclude beyond a reasonable doubt that defendant's alcohol level exceeded 0.08 grams per 210 liters of breath, as necessary for a conviction of OWI. MCL 257.625(1)(b). Accordingly, the trial court did not err by denying defendant's motion for a directed verdict.

Affirmed.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Jane E. Markey