# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LEMARR ROBINSON,

Defendant-Appellant.

UNPUBLISHED
February 14, 2017

No. 329755
Wayne Circuit Court
LC No. 15-004308-01-FC

Before: WILDER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of first-degree criminal sexual conduct, MCL 750.520b. We affirm.

Defendant first contends that the trial court committed error requiring reversal in permitting the victim's aunt to testify, pursuant to MRE 803A, concerning statements made to her by the victim, who was then between 7½ and 8 years old. Defendant argues that the statements did not meet the standards for admission under MRE 803A and were inadmissible hearsay because they were not spontaneously uttered as required by this hearsay exception. We disagree.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). A trial court abuses its discretion when its decision falls outside a range of principled outcomes. *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). However, we review de novo preliminary questions of law, such as whether a rule of evidence precludes admission of the evidence. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). "[I]t is an abuse of discretion to admit evidence that is inadmissible as a matter of law." *Id.*, quoting *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

"'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is generally prohibited and may only be admitted at trial if provided for in an exception to the hearsay rule. MRE 802. MRE 803A provides such an exception for a child's statement regarding sexual assault in certain circumstances. MRE 803A states, in relevant part:

A statement describing an incident that included a sexual act performed with or on the declarant by the defendant or an accomplice is admissible to the extent that it corroborates testimony given by the declarant during the same proceeding, provided:

(1) the declarant was under the age of ten when the statement was made;

(2) the statement is shown to have been spontaneous and without indication of manufacture;

(3) either the declarant made the statement immediately after the incident or any delay is excusable as having been caused by fear or other equally effective circumstance; and

(4) the statement is introduced through the testimony of someone other than the declarant.

"The question of spontaneity, at its essence, asks whether the statement is the creation of the child or another." *Gursky*, 486 Mich at 613. "[F]or such statements to be admissible, the child must broach the subject of sexual abuse, and any questioning or prompts from adults must be nonleading or open-ended in order for the statement to be considered the creation of the child." *Id*. at 614. Trial courts are required to "review the totality of the circumstances surrounding the statement in order to determine the issue of spontaneity." *Id*. at 615. "[A] statement prompted by an adult's question specifically concerning sexual abuse is not spontaneous." *Id*. at 618.

Here, both the victim and her aunt testified that the aunt was in her bedroom watching a television show about molestation when the victim, then 7½ to 8 years old, came into the room and sat in her aunt's desk chair and swiveled around in it. The victim overheard a woman on the show state that she believed her child's father was touching the child inappropriately. Upon hearing that, the victim asked her aunt if she could tell her something in private. The aunt told the victim she could, paused the television show, and told the victim to shut the bedroom door. Thereafter, the victim told her aunt about defendant's actions.

Upon review of the record, it is clear the trial court reviewed the totality of the circumstances surrounding the statement. The trial court found that the victim "initiated the conversation," that her statements to her aunt were "disclosed without prompting" and were spontaneous, and that there was no credible evidence that she manufactured the story. The trial court further noted that, while the content of the television show was a "trigger," the victim's statement was not initiated through question and answer or prodding by her aunt. We agree and conclude that the aunt's testimony about what the child told her was admissible under MRE 803A as a matter of law. Upon overhearing a woman on a television show talk about a situation that was similar to what had happened to her, the victim then initiated the conversation with her aunt. The victim's statements were her own creation and did not arise from "prompts" or "in the context of questioning by an adult;" instead, she broached the subject. See *id*. at 614. The trial court's decision falls within the range of principled outcomes. See *Nicholson*, 297 Mich App at

196.  Therefore, the trial court did not abuse its discretion or err as a matter of law in admitting the aunt's testimony under MRE 803A.

Next, defendant contends that he was denied his constitutional rights to present a defense and to have a properly instructed jury when the trial court refused defendant's request to include the phrase "good sexual morals" when instructing the jury on M Crim JI 5.8a.  We disagree.

A claim of instructional error involving a question of law is reviewed de novo, but a trial court's determination whether a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion.  *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010).  A court must give a requested jury instruction on a theory or defense if it is supported by the evidence.  *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002).  "The defendant bears the burden of establishing that the asserted instructional error resulted in a miscarriage of justice." *Dupree*, 486 Mich at 702.

M Crim JI 5.8a provides in pertinent part:

> (1) You have heard evidence about the defendant's character for [peacefulness / honesty / good sexual morals / being law-abiding / (*describe other trait*)].  You may consider this evidence, together with all the other evidence in the case, in deciding whether the defendant committed the crime with which (he / she) is charged.  Evidence of good character alone may sometimes create a reasonable doubt in your minds and lead you to find the defendant not guilty.

Concerning M Crim JI 5.8a, the trial court instructed as follows:

> You have heard evidence of the defendant's character for being a law-abiding citizen.  You may consider this evidence together with all the other evidence in the case in deciding whether the defendant committed the crime with which he is charged.  Evidence of good character alone may sometimes create reasonable doubt in your mind and lead you to find the defendant not guilty.

Defendant argues on appeal, as he argued in the trial court, that there was sufficient evidence to support including the phrase "good sexual morals" in the jury instruction.  Defendant contends that the jury instruction should have read: "You have heard evidence of the defendant's character for *good sexual morals* and being a law-abiding citizen."  The court found that the evidence did not support the inclusion of "good sexual morals" in the instruction, and we agree.

Defendant's mother testified that defendant had a reputation for being trustworthy and for honesty.  She had never known him to do anything "out of line" or "to alarm her" with his children, and none of the children shied away from him or thought he was a threat.  The mother of defendant's two children, an 11-year-old boy and a 5-year-old girl, testified that he was good with the children, watched them three or four days a week, helped them with their homework, took them to movies, was very active in their lives, and provided financial support.  She said that his reputation in the community was that he was a "nice person, a good father, hard worker, fun to be around."

As the trial court held, the testimony by defendant's mother and the mother of his children did not speak specifically to "good sexual morals." Those descriptions of defendant's character supported an instruction that included "law-abiding." Therefore, the trial court did not abuse its discretion by instructing the jury on M Crim JI 5.8a without including the phrase "good sexual morals," because such instruction was not supported by the evidence. See *Dupree*, 486 Mich at 702; *Riddle*, 467 Mich at 124. Accordingly, defendant's claim of instructional error is without merit.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly