# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　　Plaintiff-Appellee,

v

MELVIN JONES, also known as ELLIOT
RIVERS, also known as SHAKIR ABDUL
HALIM BEY,

　　　　　　Defendant-Appellant.

UNPUBLISHED
December 12, 2017

No. 333935
Wayne Circuit Court
LC No. 14-008921-01-FH

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of assault of a prison employee, MCL 750.197c, and two counts of resisting or obstructing a police officer, MCL 750.81d(1). We affirm.

Defendant was convicted of assaulting Wayne County Sheriff's Deputy Sylvester Foote, and resisting two other officers, Wayne County Sheriff's Corporals Jackie Reed and Eric Peoples, at the Wayne County Jail on April 26, 2012. The prosecution presented evidence that during transport to a different floor of the jail, defendant punched Dep. Foote, causing him to fall, as the deputy attempted to escort defendant out of the elevator. While the deputy was on the ground, defendant got on top of him and struck him several times. After Cpl. Reed observed the attack on a live-feed monitor, he, along with Cpls. Peoples and Andrew Bush, rushed to the deputy's assistance and, after a struggle, managed to secure and handcuff defendant. The defense theory at trial was that Deputy Foote transported defendant to the 13th floor of the jail in order "to beat him," and that Dep. Foote falsely claimed that an elevator malfunction caused the elevator to stop on the 13th floor instead of the intended eighth floor. The defense asserted that the testimony of the four officers was inconsistent and not credible.

## I. DENIAL OF MOTION FOR A NEW TRIAL

Defendant argues that the trial court abused its discretion in denying his motion for a new trial. We disagree. We review a trial court's decision on a motion for a new trial for an abuse of discretion. *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003). A trial court abuses its

discretion "when its decision falls outside the range of principled outcomes." *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012).

## A. EFFECTIVE ASSISTANCE OF COUNSEL

### 1. STANDBY COUNSEL

Defendant first argues that he is entitled to a new trial because he was denied the effective assistance of counsel during a pretrial period when Attorney Tanisha Reed was functioning as standby advisory counsel and was unable to consult with him. A claim alleging ineffective assistance of counsel presents a mixed question of law and fact. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Questions of law are reviewed de novo, and a trial court's findings of fact, if any, are reviewed for clear error. *Id.* "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*.

"The United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016). However, standby counsel is not "counsel" within the meaning of these constitutional guarantees. *People v Willing*, 267 Mich App 208, 227-228; 704 NW2d 472 (2005). Although standby counsel "may offer advice," standby counsel does not "bear responsibility for [the] defense" and "cannot substantially interfere with any significant tactical decisions[.]" *Id*. (citation omitted). If a defendant has freely chosen to represent himself with only standby counsel, the defendant cannot then claim ineffective counsel. *People v Kevorkian*, 248 Mich App 373, 419; 639 NW2d 291 (2001). However, there may be an exception if standby counsel was simply a title, and the attorney was actually acting throughout the proceedings as lawyer and representative for the defendant. *Id*. at 425 (citation omitted).

In this case, defendant was permitted to represent himself during pretrial proceedings, and Attorney Reed was appointed to serve as standby advisory counsel for approximately one week before trial. There is nothing in the record to indicate that while functioning as standby counsel during this period, Attorney Reed acted as defendant's lawyer. Instead, defendant continued to represent himself. Because Attorney Reed, while serving as standby counsel, did not act as defendant's lawyer, defendant cannot now assert that his voluntary choice to represent himself denied him the effective assistance of counsel. Accordingly, defendant's claim that he was denied the effective assistance of (standby) counsel cannot succeed.

### 2. TRIAL COUNSEL

Defendant also argues that he is entitled to a new trial because he was denied the effective assistance of counsel at trial, when Attorney Reed was functioning as appointed trial counsel. Defendant claims that because Attorney Reed was appointed as trial counsel on the first day of trial and had not met with him before that day, she was unprepared and lacked knowledge about potential defenses and witnesses. "A defendant is entitled to have his counsel prepare,

investigate, and present all substantial defenses." *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990). When claiming ineffective assistance due to defense counsel's unpreparedness, a defendant must show prejudice resulting from the lack of preparation. *People v Caballero*, 184 Mich App 636, 640; 459 NW2d 80 (1990).

The record does not support defendant's assertion that Attorney Reed was unprepared to try the case. Preliminarily, we note that Attorney Reed, who argued defendant's motion for a new trial, did not express before trial or in her motion argument that she was unprepared to proceed on the first day of trial. Although she had not consulted with defendant before being appointed as trial counsel, she stated that during the week before trial she met with defendant's "friend" and they "discussed the case so that [she] could try to help [defendant]." She also talked to defendant's family members at the courthouse. In his brief in support of his motion for a new trial, defendant admitted that trial counsel "spoke with [him] in Court on the day of trial," and that she "conducted an interview with [him] as they whispered across the table and tried to write notes." Defendant has not established that counsel's conversations with him, his family members, and his friend were insufficient to enable her to properly defend the case. More significantly, he does not identify any specific evidence or other information that counsel failed to present or explore at trial due to counsel's alleged unpreparedness. Therefore, defendant has not demonstrated that he was prejudiced by counsel's alleged unpreparedness in that regard. See *id*.

Defendant complains that the prosecutor gave trial counsel discovery materials, including defendant's medical records, on the day of trial. After receiving the discovery materials, however, trial counsel requested a "brief recess" to review the materials, which the trial court granted. The court also advised counsel, "[I]f you need more time, let me know." Counsel indicated that she reviewed the materials, and also "took these documents and [] conferred with his family." After the recess, trial counsel did not request additional time and only placed her concerns on the record that jail personnel failed to preserve the live-feed video of the incident and that defendant was dressed in prison attire. Defendant also references trial counsel's receipt of an audio recording on the day of trial. The prosecutor informed the court that he too had not listened to the audio recording and suggested that both parties "go upstairs . . . and listen to that right now." Defendant has not provided the audio recording, or any specific information about the contents of the recording, and does not indicate whether the parties ever listened to the recording. Defendant also argues that trial counsel "could not challenge how serious the injuries were" because she did not have Dep. Foote's medical records. The deputy testified about his injuries and defendant has not presented anything that would show that the medical records would have been inconsistent with that testimony. Therefore, defendant has neither explained nor established how receipt of the deputy's medical records would have affected the outcome of his trial. See *id*.

Defendant also asserts that because of trial counsel's "lack of consultation" with him before trial, she did not know what witnesses he "had requested assistance from the court in obtaining." As an initial matter, it is apparent that trial counsel was aware of defendant's "witness list" because it was discussed on the first day of trial. At defendant's request, trial counsel argued that the trial court had failed to subpoena the witnesses that defendant had provided to the court. Counsel confirmed that she had a copy of defendant's witness list and the proof of service. Although defendant does not identify those witnesses in his brief, the trial court

read the names, which were "Wayne County personnel." Although defendant asserts that the alleged witnesses "would have testified as to the proper procedure for escorting a jail prisoner as well as whether the elevator which transported prisoners was in fact operating improperly," he has not provided witness affidavits, or identified any other evidence of record establishing what these witnesses actually knew, or showing that they could have provided favorable testimony. Absent such a showing, defendant has not established that he was prejudiced by trial counsel's alleged inability to call the proposed witnesses at trial.

Further, the record belies defendant's argument that trial counsel was unprepared and lacked sufficient knowledge about the case in order to offer a proper defense. The record demonstrates that counsel clearly understood the case, effectively cross-examined each of the officers, and vigorously argued reasons why the officers should not be believed. Indeed, as the trial court observed, trial counsel was successful in having one count against defendant dismissed through a motion for directed verdict. Defendant fails to indicate what additional *rational* argument trial counsel could have made. To the extent that defendant relies on the fact that trial counsel's argument was not successful, nothing in the record suggests that trial counsel's presentation of the defense was unreasonable or prejudicial. "The fact that trial counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996). Consequently, defendant cannot establish a claim of ineffective assistance of counsel.

## B. DUE PROCESS

Defendant's last assertions for a new trial are based on claims that he was denied due process. Due process claims, such as allegations of a *Brady* violation, are reviewed de novo. *People v Schumacher*, 276 Mich App 165, 176; 740 NW2d 534 (2007).

## 1. RIGHT TO COMPULSORY PROCESS

Defendant argues that the trial court failed to assist him in obtaining witnesses for his defense because it misplaced his request to subpoena witnesses. The Sixth Amendment to the United States Constitution guarantees a defendant the right to compulsory process to obtain witnesses in his defense. US Const, Am VI. The Michigan Constitution guarantees the same right. Const 1963, art 1, § 20. "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense[.]" *Washington v Texas*, 388 US 14, 19; 87 S Ct 1920; 18 L Ed 2d 1019 (1967). Although the right to compulsory process is fundamental, it is not absolute. *People v McFall*, 224 Mich App 403, 408; 569 NW2d 828 (1997). It requires a showing that the absent witnesses' testimony would be both material and favorable to the defense. *Id*. Unsupported claims that a witness is material or necessary are insufficient to establish materiality. *Id*. at 410. For the reasons explained above, defendant has failed to establish that the listed Wayne County personnel would have provided testimony favorable and material to his case. Because defendant has not made the required showing, he cannot establish his claim that he was deprived of his constitutional right to compulsory process.

## 2. LATE DISCOVERY

Defendant argues that he was prejudiced because the prosecutor did not provide trial counsel with the prosecution's witness list, medical records, and an audio recording of witness interviews until the first day of trial. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963). To establish a *Brady* violation, a defendant must prove: (1) that the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) viewed in its totality, the evidence is material. *People v Chenault*, 495 Mich 142, 155; 845 NW2d 731 (2014). "Evidence is favorable to the defense when it is either exculpatory or impeaching." *Id.* at 150. Materiality is established when it is shown "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* (citation omitted).

Defendant has not established that the prosecutor committed a *Brady* violation. Despite the delayed receipt of the prosecution's witness list, medical records, and the audio recording, there is nothing in the record to support that the prosecutor suppressed or withheld favorable evidence in violation of *Brady*. Regarding the late disclosure of the medical records, the records that were furnished were defendant's own medical records. Defendant has not provided a copy of the prosecution's witness list, but the prosecution presented only four witnesses at trial—the four officers who were involved in the incident—and their identities had been known to the parties since the inception of the case. Defendant fails to establish any prejudice in this regard. Lastly, defendant has not shown how the audio recording would have changed the outcome of trial. In fact, defendant provides no information about the content of the recording, including which witness interviews it contains and how the content differed, if at all, from the trial testimony about the interviews. In addition, the trial court gave defense counsel an opportunity to review the discovery materials before trial. In sum, defendant fails to demonstrate that, absent the delay, a reasonable probability exists that the outcome of the trial would have been different. Therefore, defendant's claim necessarily fails.

For these reasons, the trial court did not abuse its discretion in denying defendant's motion for a new trial. See *Cress*, 468 Mich at 691.

## II. JURY INSTRUCTIONS

Defendant argues that he is entitled to a new trial because the trial court assured him that it would instruct the jury to disregard his jail attire, but failed to do so. We disagree.

Preliminarily, defendant's substantive claim of instructional error is waived. After the trial court completed its final instructions and the jury was excused to begin deliberations, the court asked the parties whether there were any objections. Trial counsel stated, "No, objection, Judge." By expressly approving the jury instructions, defendant waived review of his substantive claim of instructional error. See *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011). Defendant's waiver extinguished any error, leaving no error to review. See *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000).

Defendant alternatively argues that trial counsel was ineffective for failing to object to the instructions as given. Because defendant failed to raise this ineffective assistance of counsel claim in the trial court, our review of that claim is limited to mistakes apparent from the record. See *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

Defendant's complaint considers only the trial court's final jury instructions. However, in its preliminary instructions, the trial court stated:

> You also will notice that [defendant] is attired in what may be known as prison attire, but you cannot consider that as evidence of his guilty. That he was in fact ever actually incarcerated at the time of this alleged offense. You must pay no attention to his attire, and you cannot consider that in anyway [sic] when you decide the facts of this case.

In both its preliminary and final instructions, the trial court also reminded the jury that it took an oath to decide the case based only on the properly admitted evidence and the law as instructed by the court. It is well established that jurors are presumed to have followed their instructions. *People v Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011). Given the trial court's instructions, there was no basis for trial counsel to object. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Accordingly, this claim has no merit.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron