*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TED MAURICE MITCHELL,

Defendant-Appellant.

UNPUBLISHED
October 14, 2025
9:41 AM

No. 375046
Wayne Circuit Court
LC No. 24-004451-01-FH

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Defendant appeals by leave granted the order denying his motion to suppress firearm evidence. We affirm.

## I. STATEMENT OF FACTS

This case arises out of a traffic stop conducted by Detroit police officers Travis Roome and Erik Vidal. Before the traffic stop, the officers were at a gas station and noticed a vehicle leave the gas station parking lot and make a right turn onto Linwood Street from Joy Road. A search of the vehicle's license plate in the Law Enforcement Information Network (LEIN) revealed that the vehicle was not insured, so they initiated a traffic stop.

When the officers walked up to defendant's vehicle, Officer Roome noticed a small clear-knotted bag of marijuana in the vehicle's cup holder. Because Officer Roome believed that it was illegal to transport marijuana if it was not in a sealed container, he requested that defendant get out of the vehicle so that he could conduct a wingspan search for the quantity and packaging of the marijuana. While defendant was getting out of the vehicle, Officer Roome noticed that defendant was wearing a firearm holster on the right side of his waist. A pat-down revealed that defendant did not have any weapons on his person.

After the pat down, Officer Roome escorted defendant to the front of the police vehicle to stand with Officer Vidal. Defendant informed the officers that he had a registered firearm in the car and that it was "where it was supposed to be," but did not indicate whether he had a concealed pistol license (CPL). Officer Roome conducted the search of defendant's vehicle and found a

firearm underneath the driver's seat.  After it was determined that defendant did not have a CPL, he was charged with carrying a concealed weapon, MCL 750.227.

## II.  PROCEDURAL HISTORY

Defendant was bound over for trial, and subsequently filed a motion to suppress evidence of the firearm.  At the evidentiary hearing on the motion, defendant argued that because Officer Roome's rationale for conducting the search – his belief that marijuana needed to be transported in a sealed container in accordance with the Michigan Medical Marihuana Act (MMMA), MCL 333.26421, *et seq.* – was an unreasonable interpretation of current law, the search was illegal and the evidence of the firearm should be suppressed.[1]  After the parties filed supplemental briefing, the trial court denied the motion, ruling:

> So the Court has to look at the facts and circumstances of this case viewed objectively to determine if the officer's actions were legally permissible.  When looking at the facts on the record objectively, the Court does find that there was at the very least reasonable suspicion, but probable cause to search the vehicle based on the empty gun holster.  Given the totality of the circumstances, the officer had articulable reasonable suspicion, again, likely probable cause to search in a place where a gun could be located, particularly inside the compartment of the vehicle where the Defendant was located with the empty gun holster.
>
> The empty gun holster on the Defendant while he's in the car, I think a reasonable inference can be drawn that it is possible that this person has a pistol in the vehicle just subjectively based on that.  I don't find any gross negligence of duty because the officer here did have a reasonable objective basis to search the car, that being the potential of a gun in the car based on the gun holster, the empty gun holster on the hip of the Defendant.
>
> The Defendant saying the gun is where it's supposed to be doesn't eliminate that suspicion.  And I don't think it is uncontested that an officer can order an individual out of the car for the purpose of a traffic stop.
>
> So I do agree with the reasons stated in the People's supplemental brief in this matter and for those reasons the motion will be denied.

## III.  ANALYSIS

In arguing for reversal, defendant asserts that the firearm evidence should be suppressed because neither the presence of marijuana nor the presence of a gun holster gave the officers justification to conduct the search.

---

[1] "Although the statutory provisions at issue refer to 'marihuana,' by convention this Court uses the more common spelling 'marijuana' in its opinions." *People v Nicholson*, 297 Mich App 191, 193 n 1; 822 NW2d 284 (2012).

"This Court reviews de novo a trial court's ruling on a motion to suppress." *People v Moorman*, 331 Mich App 481, 484-485; 952 NW2d 597 (2020). "A trial court's factual findings made when ruling on a motion to suppress are reviewed for clear error." *People v Woodard*, 321 Mich App 377, 382; 909 NW2d 299 (2017). "A factual finding is clearly erroneous if it leaves the Court with a definite and firm conviction that the trial court made a mistake." *Moorman*, 331 Mich App at 485 (quotation marks and citation omitted).

The right against unreasonable searches and seizures is guaranteed by both the state and federal constitutions. US Const, Am IV; Const 1963, art 1, § 11. "The Michigan Constitution in this regard is generally construed to provide the same protection as the Fourth Amendment of the United States Constitution." *People v Vaughn*, 344 Mich App 539, 550-551; 1 NW3d 414 (2022) (quotation marks and citation omitted). "The touchstone of the Fourth Amendment is reasonableness." *People v Hammerlund*, 504 Mich 442, 451; 939 NW2d 129 (2019).

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *People v Kavanaugh*, 320 Mich App 293, 299; 907 NW2d 845 (2017) (quotation marks and citation omitted). Additionally, "once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Pennsylvania v Mimms*, 434 US 106, 111 n 6; 98 S Ct 330; 54 L Ed 2d 331 (1977). "Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Rodriguez v United States*, 575 US 348, 354; 135 S Ct 1609; 191 L Ed 2d 492 (2015).

Officer Vidal searched defendant's license plate on the LEIN, and it was determined that defendant's vehicle did not have valid insurance. An owner or registrant of a motor vehicle, who operates that motor vehicle without valid insurance, is guilty of a misdemeanor. MCL 500.3102(2). Thus, the circumstances, viewed objectively, provided the officers probable cause to believe a traffic violation had occurred, and thus to initiate a traffic stop. Because the initial traffic stop was lawful, Officer Roome was justified in requesting that defendant exit the vehicle without violating defendant's Fourth Amendment rights. *Mimms*, 434 US at 111 n 6.

Having concluded defendant's constitutional rights were not violated by the traffic stop, or his subsequent removal from the vehicle, we turn to whether the subsequent search of defendant's vehicle was constitutional. "Ordinarily, searches or seizures conducted without a warrant are unreasonable per se, and when evidence has been seized in violation of the constitutional prohibition against unreasonable searches and seizures, it must be excluded from trial." *Woodard*, 321 Mich App at 383 (quotation marks and citation omitted). However, "there are a number of exceptions to the fundamental rule that warrantless searches are unreasonable." *Vaughn*, 344 Mich App at 552. In those instances, "[i]t is the prosecutor's burden to show that a search and seizure challenged by a defendant were justified by a recognized exception to the warrant requirement." *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003).

Defendant argues that the firearm evidence should have been suppressed because the basis of Officer's Roome's search was his erroneous belief that defendant was committing a crime by not transporting marijuana in a sealed container. However, the trial court's reasoning was not based on the marijuana, but was instead based on the gun holster. Additionally, Officer Roome's

reason for conducting the search is immaterial to the analysis because, "the Fourth Amendment creates an objective, not subjective, standard." *Moorman*, 331 Mich App at 489 n 2. Thus, "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v United States*, 517 US 806, 813; 116 S Ct 1769; 135 L Ed 2d 89 (1996). Indeed, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Devenpeck v Alford*, 543 US 146, 153; 125 S Ct 588; 160 L Ed 2d 537 (2004) (quotation marks and citations omitted).

Here the search of the driver's area of the vehicle was permissible under the exception to the warrant requirement as articulated in *Michigan v Long*, 463 US 1032, 1049; 103 S Ct 3469; 77 L Ed 2d 1201 (1983), in which the Court held:

> [T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. [*Id.* at 1049 (citation omitted).]

"The issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* at 1050 (quotation marks, citation, and alteration omitted). This remains true even though defendant argues he was unarmed, cooperative, and separated from his vehicle:

> Just as a *Terry*[2] suspect on the street may, despite being under the brief control of a police officer, reach into his clothing and retrieve a weapon, so might a *Terry* suspect in Long's position break away from police control and retrieve a weapon from his automobile. In addition, if the suspect is not placed under arrest, he will be permitted to reenter his automobile, and he will then have access to any weapons inside. Or, as here, the suspect may be permitted to reenter the vehicle before the *Terry* investigation is over, and again, may have access to weapons. [*Long*, 463 US at 1051-1052 (citations omitted)].

Based on the fact that defendant admitted to police that there was a weapon in his vehicle and did not present a CPL, a reasonably prudent person could "possess an articulable and objectively reasonable belief that the suspect is potentially dangerous." *Id.* at 1051. Officer Roome conducted a search underneath the driver's seat, where a firearm might be found within defendant's reach if he was placed back into the vehicle. As a result, the search was permissible.

Given that the search was permissible, defendant's argument that the officers impermissibly extended the traffic stop is without merit. "[W]hen a traffic stop reveals a new set of circumstances, an officer is justified in extending the detention long enough to resolve the suspicion raised." *People v Williams*, 472 Mich 308, 315; 696 NW2d 636 (2005). The initial

---

[2] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

traffic stop was justified, and Officer Roome was permitted to ask defendant to exit his vehicle. When defendant exited the vehicle, and the officers saw he had a gun holster, they were provided with a new set of circumstances that justified extending the traffic stop and conducting a search of defendant's vehicle. Because the search was permissible, and there is no indication from the record that the search itself took an unreasonable amount of time, we cannot conclude that the officers impermissibly extended the traffic stop.

Defendant also argues that the search interferes with his rights under the Second Amendment to the United States Constitution as well as Const 1963, art 1, § 6. It is true that MCL 750.227 places certain restrictions on carrying firearms, but this Court recently held that "the requirement of MCL 750.227 that a person must possess a valid CPL in order to carry a pistol in an automobile does not violate the Second Amendment." *People v Langston*, ___ Mich App ___ , ___ ; ___ NW3d ___ (2024) (Docket No. 367270); slip op at 3. Thus, this argument fails.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates