*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 20, 2022

Plaintiff-Appellee,

v

No. 355812
Wayne Circuit Court
LC No. 12-010789-01-FC

CHRISTOPHER LEE JOHNSON,

Defendant-Appellant.

Before: GLEICHER, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's resentencing of defendant to 225 months' to 40 years' imprisonment for first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and 17 months' to 4 years' imprisonment for assault with a dangerous weapon (felonious assault), MCL 750.82. *People v Johnson*, unpublished per curiam opinion of the Court of Appeals, issued July 7, 2015 (Docket Nos. 316314, 316983, 320014) *(Johnson I)*, arguing that the trial court erroneously assessed offense variables (OVs) 3, 4, and 7, entitling defendant to another resentencing. For the reasons set forth in this opinion, we affirm in part, reverse and remand in part.

## I. FACTS AND PROCEDURAL BACKGROUND

This is defendant's third appeal to this Court. Defendant was initially charged with two counts of CSC-I, MCL 750.520b (multiple variables), for penetration (fellatio) while armed,[1] and penetration (penile penetration) while armed, and one count of felonious assault, MCL 750.82. The victim (MM) was assaulted in Detroit in August 2012. *Johnson I*, unpub op at 3.

---

[1] While the complaint charged defendant with two counts of CSC-I, the charge noted on the register of actions and verdict form indicates the first count involving fellatio was actually for third-degree criminal sexual conduct (CSC-III).

MM recalled that after she repeatedly asked to go home, defendant told her that he was not finished yet and instructed her to get in the backseat of the car; meanwhile defendant retrieved a gun from his left side and put it on the dashboard. MM testified that defendant told her to take her clothes off; she removed her shirt and then defendant forcefully pulled off her pants and underwear. MM explained at trial, "He ripped my underwear off." MM testified that defendant had her turn over, positioning her on "all fours," and he inserted his penis into her vagina; after a few minutes, defendant ejaculated and stopped.

MM testified that defendant moved to the front seat and drove them back to a place nearby the gas station where they had met. MM testified that, although defendant threw her clothes to the backseat so she could dress, he pointed the gun at her, stated she was not going anywhere, threw her cellular phone, shoes, and glasses out the window, and started to drive away. MM testified that she pushed the passenger seat forward, grabbed the passenger door handle, jumped out of the moving car, and ran in her socks toward her car, which MH had parked near the gas station. [*Johnson I*, unpub op at 3-4 (footnote omitted).]

Defendant first appealed his initial sentences of 25 to 50 years' imprisonment for CSC-I,[2] and 30 to 48 months' imprisonment for felonious assault. *Johnson I*, unpub op at 1. On appeal, defendant argued he was "entitled to resentencing because: (1) the trial court impermissibly enhanced his sentence based on facts not found by the jury when it scored various offense variables, and (2) the trial court failed to sufficiently justify its sentences, which departed from the applicable sentencing guidelines ranges." *Id.* at 11. This Court noted "defendant's argument regarding judicial fact-finding has been foreclosed by [*People v*] *Herron*, 303 Mich App [392, 405; 845 NW2d 533 (2013)]," *Johnson I*, unpub op at 12. However, this Court agreed "the trial court gave no explanation for the particular departures and . . . failed to justify why the sentences imposed are more proportionate than sentences within the guidelines recommendation would have been." *Id.* at 14. This Court vacated defendant's sentences and remanded for resentencing. *Id.*

On remand, the trial court denied resentencing, determining it "would have imposed the same sentence absent the unconstitutional constraints." Defendant appealed as of right, arguing the trial court erred in failing to "explain adequately its reasoning for the sentences imposed." *People v Johnson*, unpublished per curiam opinion of the Court of Appeals, issued January 25, 2018 (Docket Nos. 334741 and 334742), p 3 *(Johnson III)*. This Court again remanded the case for reevaluation using the reasonableness and principle of proportionality standards under *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017). On the resulting remand, defendant objected to the assessments of offense variable (OV) 3 at 10 points, OV 4 at 10 points, and OV 7 at 50 points. Despite defendant's objections, the trial court agreed with the prosecution regarding assessing OV 3 at 10 points, concluding "10 points is appropriate due to physical injury of a victim. And 10 points is referred as bodily injury requiring medical treatment to the victim, and sexual assault victims who are given prophylactics are determined to be an intrusion and bodily injury warranting 10 points on OV 3." In assessing OV 4 at 10 points, the trial court noted:

[2] Defendant was found not guilty by the jury for the CSC-III charge.

There were several things in the transcript that would impact the psychological impact to the victim. . . .

\* \* \*

And her last comment was that she would never forget. And the impact of the constant reminder of a sexual assault and never forgetting warrants the conclusion of 10 points for OV 4[.]

Finally, in assessing OV 7 at 50 points, the trial court stated:

Certainly, the Court could consider the conduct of [defendant] in this matter by taking out a gun prior to penetration and putting it on the dashboard to substantially increase the fear and anxiety of the victim.

Clearly, the tossing out of the personal belongings, perhaps most importantly, glasses, not knowing how well she can see with or without those glasses, and a phone, which is a lifeline to safety, out of the window, would substantially increase the fear and anxiety of the victim placing a gun, or pointing a gun, following the act and sexual violation, would certainly increase the fear and anxiety of the victim.

And that fear and anxiety of a victim is supported by the fact that she opened the door of a moving car and took the risk of taking her own life by jumping out of the car versus continuing in the custody of the Defendant within the car.

The trial court resentenced defendant to 225 months' to 40 years' imprisonment for CSC-I, and 17 months' to 4 years' imprisonment for felonious assault.

## II. ANALYSIS

We examine whether the trial court committed error relative to its scoring of the OVs at issue.

Under the sentencing guidelines, a trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). " 'Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred.' " *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012) (citation omitted). This Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . " *Hardy*, 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88. When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). *People v Thompson*, 314 Mich App 703, 708-709; 887 NW2d 650 (2016).

### A. OV 7

-3-

Defendant argues the trial court erred in assessing 50 points for OV 7, and the proper scoring should be 0 points.

The version of MCL 777.37(1)(a)[3] in effect at the pertinent time of these events, instructed trial courts to assess 50 points for OV 7 when "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense[.]" MCL 777.37(1)(a). It is not disputed that defendant was not assessed 50 points for OV 7 for sadism, torture, or excessive brutality. Rather, defendant was assessed at 50 points for "conduct designed to substantially increase the fear and anxiety" of the victim. MCL 777.37(1)(a). In *People v Hardy*, 494 Mich 430; 835 NW2d 340 (2013), superseded by statute as stated in *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019), our Supreme Court considered "what type of conduct under OV 7 constitutes conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." *Hardy*, 494 Mich at 434. Our Supreme Court analyzed the language of the statute using its plain meaning, determining "it is proper to assess points under OV 7 for conduct that was *intended* to make a victim's fear or anxiety *greater by a considerable amount*." *Id.* at 441 (footnote and citation omitted, emphasis added). Our Supreme Court also found, "absent an express prohibition, courts may consider conduct inherent in a crime when scoring offense variables." *Id.* at 442:

> [A] defendant's conduct does not have to be "similarly egregious" to "sadism, torture, or excessive brutality" for OV 7 to be scored at 50 points, and that, absent an express statutory prohibition, courts may consider circumstances inherently present in the crime when scoring OV 7. The relevant inquiries are (1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount. [*Id.* at 443-444.]

Our Supreme Court determined the appropriate standard to use in analyzing the intent prong is whether it was more probable than not the defendant had the requisite intent. *Id.* at 443.

The issue presented in this case is whether the fear and anxiety caused by the complained-of conduct was "suffered during the offense." It is axiomatic that no present conduct can affect what a person felt at any point in the past. Therefore, conduct that occurred after the offense was completed cannot have affected "the fear and anxiety a victim suffered *during the offense*." MCL 777.37(1)(a) (emphasis added). As our Supreme Court explained, "a defendant's conduct after an offense is completed does not relate back to the sentencing offense for purposes of scoring offense variables unless a variable specifically instructs otherwise." *People v McGraw*, 484 Mich 120,

---

[3] At the time of the offense, MCL 777.37(a)(1) read as indicated in this opinion. This older version applies to this case because retroactive application of criminal statutes is precluded by the Due Process Clause. *People v Johnson*, 302 Mich App 450, 464; 838 NW2d 889 (2013). However, under 2016 PA 137, the amended language of MCL 777.37(1)(a) reads: "A victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense[.]" MCL 777.37(1)(a). The language of the statute remained the same except for the additional requirement that the other conduct be "similarly egregious" to sadism, torture, or excessive brutality. *Id.*

122; 771 NW2d 655 (2009). At the conclusion of its opinion, the *McGraw* Court reiterated that "[o]ffense variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *Id*. at 135. To the extent the trial court relied on defendant's conduct which occurred after the offense, that post-offense conduct should not have been considered in scoring OV 7. See *id*.; see also *Thompson*, 314 Mich App at 714-716; *People v Sargent*, 481 Mich 346; 750 NW2d 161 (2008).

Conversely, OV 7 may be scored on the basis of conduct that occurred before the sentencing offense, so long as the conduct temporally proximate to and related forward to the sentencing offense. *Thompson*, 314 Mich App at 711-712, 716. In *Thompson*, the panel majority held that OV 7 may not be scored under a "transactional" theory for conduct that was not essentially contemporaneous with the sentencing offense, but it expressly declined to preclude consideration of conduct purely because that conduct did not strictly occur during the sentencing offense. See *id*. In this case, the prosecution urged the trial court to consider that defendant pointed a gun at the victim before committing the sentencing offense, placed the gun on the dashboard and left it there during the sentencing offense, and threw away the victim's glasses and phone before the sentencing offense. These acts would be properly considered for scoring OV 7.

However, the record made by the trial court is insufficient to permit us to affirm. In relevant part, the trial court stated: "the Court *could* consider the conduct of [defendant] in this matter by taking out a gun prior to penetration and putting it on the dashboard to substantially increase the fear and anxiety of the victim," but then proceeded to consider a number of additional factors attributed to the defendant all of which occurred after the offense. By using the word "could" we are uncertain whether the trial court did consider defendant's action of placing a weapon on the dashboard in scoring 50 points for OV 7 and whether that factor alone, without all of the other after the offense factors listed by the trial court would have led the trial court to score 50 points for OV 7. When adjudicating whether to score 50 points of OV 7 the trial court considered evidence that occurred after the offense had been committed. Accordingly, we vacate the trial court's findings and conclusions relative to OV 7 and remand to the trial court for the specific purpose of determining whether defendant's action(s) which occurred *before or during* the offense were done with the intent to make the victim's fear or anxiety greater by a considerable amount *during the offense*. On remand the trial court should confine its findings to actions that occurred before or during the offense and that related forward to the offense. Additionally, we encourage the trial court to look for guidance in our Supreme Court's decision in *Hardy*, specifically 494 Mich at 443 wherein our Supreme Court lays out the factors to be considered by a trial court when adjudicating OV 7. See also, *Thompson*, 314 Mich App at 711-712, 716.[4]

---

[4] Defendant's contention that the trial court erred in considering the gun because it was part of the felonious assault charge, not the CSC-I charge, is without merit. Under MCL 750.520b(1)(c), MCL 750.520b(1)(e), and MCL 750.520b(1)(f)(*ii*), defendant's CSC-I charge necessarily relies on his use of the firearm, either in the underlying felonious assault, or to threaten or coerce the victim, when committing the sexual penetration. Therefore, defendant's use of the gun was an element constituting the CSC-I offense, not just the felonious assault offense, and was properly considered by the trial court. Also, our Supreme Court in Hardy, 494 Mich at 443 stated: …[T]he [trial] court

## B. OV 3

Defendant argues the trial court erred in assessing 10 points for OV 3, and the proper scoring should be 5 points.

MCL 777.33(1)(d) requires OV 3 be assessed 10 points if there is "[b]odily injury requiring medical treatment" to a victim. In contrast, MCL 777.33(1)(e) requires OV 3 be assessed 5 points if there is "[b]odily injury not requiring medical treatment" to a victim. This Court has found: "[B]odily injury encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). Defendant contends *People v Cathey*, 261 Mich App 506; 681 NW2d 661 (2004), as cited in *McDonald*, is inapplicable to this case because the *Cathey* Court considered pregnancy as the injury, and no pregnancy occurred in this case. *Id.* at 514. However, the *McDonald* Court already considered this distinction, explaining the injury should be considered "*in the context of a criminal sexual conduct offense*," and noting the pregnancy in *Cathey* and the infection suffered by the victim in *McDonald* both constituted injuries in the context of the criminal sexual conduct. *McDonald*, 293 Mich App at 298 (emphasis in original).

While defendant is correct that neither the *Cathey* Court, nor the *McDonald* Court, considered an injury resulting from CSC-I where no pregnancy or infection occurred, this Court's decision in *People v Barnes*, 332 Mich App 494; 957 NW2d 62 (2020), is instructive. The *Barnes* Court noted: "In the context of sexual assaults, sexually transmitted infections (STIs) and pregnancy are bodily injuries for the purpose of assessing [OV 3]. Additionally, under the terms of the statute, 'requiring medical treatment' refers to the necessity for treatment and not the victim's success in obtaining treatment." *Id.* at 499-500 (quotation marks and citations omitted). This Court went on to explain the emergency contraception and prophylactic medications prescribed to the victim to prevent pregnancy and sexually transmitted diseases was properly considered by the trial court when it determined the victim suffered injuries requiring medical treatment. *Id.* at 500.

Here, the victim did receive a prescription for prevention of sexually transmitted diseases, which is considered an injury requiring medical treatment. *Barnes*, 332 Mich App at 500. Accordingly, the trial court did not clearly err in assessing 10 points for OV 3.

## C. OV 4

---

should closely examine the pertinent record evidence, including how the crime was actually committed by the defendant…evidence which satisfies an element of an offense need not be disregarded solely for that reason. Instead, all relevant evidence should be closely examined to determine whether the defendant engaged in conduct beyond the minimum necessary to commit the crime, and whether it is more probable than not that such conduct was intended to make the victim's fear or anxiety increase by a considerable amount."

Defendant argues the trial court erred in assessing 10 points for OV 4, and the proper scoring should be 0 points.

MCL 777.34(1)(a) requires a trial court assess 10 points for OV 4 if "[s]erious psychological injury requiring professional treatment occurred to a victim[.]" MCL 777.34(1)(a). The statute clarifies the consideration is whether "the serious psychological injury may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive." MCL 777.34(2). In contrast, MCL 777.34(1)(c) requires a trial court assess 0 points for OV 4 if "[n]o serious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(c).

Defendant argues the trial court erred in assessing 10 points for OV 4 because it based its decision on "just about any comment made by anyone on the record that the victim was in some manner psychologically affected." In support of this contention, defendant relies on *McChester*, 310 Mich App 354, *People v Lockett*, 295 Mich App 165; 814 NW2d 295 (2012), and *People v Hicks*, 259 Mich App 518; 675 NW2d 599 (2003), all of which held OV 4 was improperly assessed. However, these cases are distinguishable from the present matter.

*McChester* concerned an unarmed robbery in which "[t]he victim did not present an oral or written statement at sentencing, nor did she testify in any meaningful way at the preliminary examination in regard to her psychological state[.]" *McChester*, 310 Mich App at 359. Unlike *McChester*, the victim in this case was cooperative in the proceedings, and provided her impact statement at resentencing. The trial court also did not "simply assume that someone in the victim's position would have suffered psychological harm[,]" as the trial court in *Lockett* did. *Lockett*, 295 Mich App at 183. The *Hicks* Court similarly determined OV 4 was improperly assessed points because "the record does not reflect any evidence of serious psychological harm to the victim or give any indication that she needed psychological treatment." *Hicks*, 259 Mich App at 535.

Here, there was testimony provided by the victim and family members of the victim that was properly considered by the trial court. The trial court considered the victim's impact statement, in which the victim stated, among other things: "I thought I was already over it. Apparently, I'm not because my nerves are still shot like I'm a child[,]" and "it's something that will stay with me for the rest of my life." Additionally, testimony from the victim's mother revealed that the victim has been "very emotional" since the assault, has "withdrawn from her family[,]" including her daughter, and has "pulled away from church[.]" The victim's mother also noted the victim began dressing differently in more conservative clothes, and is no longer comfortable going to her grandmother's home because it is close to the location of her assault. Based on these findings, the trial court did not clearly err in assessing 10 points for OV 4.

Affirmed in part, vacated and remanded in part. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause

-7-